[Civ. No. 40962. Second Dist., Div. Four. Oct. 1, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

**COUNSEL**

I. Mark Bledstein for Defendant and Appellant.

John D. Maharg and John H. Larson, County Counsel, D. Marshall Nelson and Lloyd Wm. Pellman, Deputy County Counsel, Joseph P. Busch, District Attorney, Harry B. Sondheim and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—This appeal is from an order denying a surety's motion to be relieved from a bail bond forfeiture. Defendant Levine did not appear on the date (Nov. 8, 1971) when his case was set for trial. His counsel reported information that Levine was detained in New York by federal authorities and requested a continuance until November 18th "to get it straightened out." A bench warrant was issued but ordered held and the

case was continued as requested. The clerk's minutes for November 8, 1971, show only that "Defendant fails to appear . . . Bench Warrant issued." There is no entry either forfeiting bail or reciting that appearance was excused. ■ On November 18, 1971, Levine still not appearing, an order of forfeiture was entered. Thereafter the surety moved to vacate the forfeiture. That motion was denied and the present appeal followed. For the reasons set forth below, we reverse the order.

The applicable statute is section 1305 of the Penal Code which, in pertinent part, provides:[1] "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial . . . the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond. . . . If the clerk fails to mail such notice within 30 days after such entry, the surety . . . shall be released from all obligations under the bond.

"But if at any time within 180 days . . . after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking . . . to be discharged upon such terms as may be just, . . . ."

The surety relies on the decision of the Supreme Court in *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385]. In that case, the Supreme Court held (at p. 907): "It follows from the foregoing that the court's failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture. Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed. An excused nonappearance, accordingly, should be expressly reflected in the minutes."

The county counsel argues that, in *United Bonding,* the reporter's transcript affirmatively showed that the nonappearance therein involved was

---

[1]Section 1305 was amended in 1970 and in 1972; neither amendment materially affected those portions of the section relied on in *United Bonding,* hereinafter discussed. We quote the statute as it reads at this time.

without excuse, whereas in the case at bench, the opposite is true. However, the Supreme Court pointed out in *United Bonding* (at p. 906): "If a surety is to be afforded the protections provided by these provisions he must be advised at an early date of the fact of the forfeiture in order that he may institute procedures to locate and compel the appearance of the bailee. Should the surety not have an early opportunity to institute these endeavors the possibility of discharging the forfeiture will be severely prejudiced, and it is manifest that he will suffer such prejudice whether there is an undue delay in advising him after the declaration of a forfeiture or a delay in making the declaration itself."

We think that rationale equally applicable here. The clerk's minutes are accessible as a matter of routine, a reporter's transcript may or may not exist and may or may not be available to the surety. The surety should be able to rely on the entries in the clerk's minutes and, if those minutes do not meet the requirement of the language from *United Bonding* first quoted above, to conclude that it need no longer be concerned to locate and produce its bailee.

The order denying the motion to vacate forfeiture is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 28, 1973.