[Civ. No. 14797. Third Dist. Nov. 21, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
WILSHIRE INSURANCE COMPANY et al.,
Defendants and Appellants.

## COUNSEL

Hugh Snyder for Defendants and Appellants.

John B. Heinrich, County Counsel, and Clement J. Dougherty, Jr., Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**PARAS, J.**—Action Bail Bonds and Wilshire Insurance Company appeal from orders denying their motion to vacate an order forfeiting bail.

Defendant Errol Hillebrenner was indicted on March 29, 1973, for a violation of section 11912 (now § 11379) of the Health and Safety Code. On April 20, 1973, a $7,000 bail bond was posted by Action Bail Bonds and the Wilshire Insurance Company.

On May 4, 1973, the matter was set for plea negotiations. The defendant was not present. The following exchange took place between the court and George Arack, the deputy public defender representing the defendant.

"THE COURT: 42436, People vs. Errol Hillebrenner.

"MR. ARACK: Mr. Hillebrenner is presently on $7,000 bail. He was arrested after bailing out on this particular offense. I think there's some kind of problem with him getting the trial date—or the pre-hearing date, rather. There's also another action pending in San Francisco. So, there's a possibility he might be in the San Francisco area. I talked with the Public Defender in San Francisco about the case. We'd ask that the matter go over to Tuesday, and I'll attempt to have him here at that time.

"THE COURT: All right, Tuesday, May the 8th, 1973, at nine a.m. for further plea negotiations.

"MR. ARACK: Thank you."

On May 8, 1973, when the plea negotiations again came on before the court, the defendant again failed to appear. The court ordered the bail forfeited, and a no bail bench warrant issued. On November 28, 1973, appellants filed a motion to set aside the forfeiture on grounds unrelated to this appeal. The motion was denied on February 14, 1974, and summary judgment was entered the same day.

On February 28, 1974, appellants filed a notice of motion "to vacate and set aside order granting summary judgment and order of forfeiture and for exoneration of bail bond." The sole ground for this motion was that the order and judgment were void for lack of jurisdiction. The motion was denied on March 21, 1974. On appeal, appellants renew their contention, asserting that on May 8, 1973, the trial court acted in excess of its jurisdiction in ordering the bail forfeited and that on May 4, 1973, the court lost jurisdiction to order a forfeiture when it failed to act upon defendant's initial failure to appear.

I

Although appellants purport to appeal both from the order rejecting their attempt to vacate the order of forfeiture and from the order denying their motion to vacate the summary judgment, their jurisdictional attack

occurred in the latter proceeding. The order refusing to vacate the summary judgment is independently appealable. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 94, p. 4100.) We utilize the appeal from that order as the vehicle for considering appellants' attack on the summary judgment.

## II

Appellants base their claim of lack of jurisdiction upon two recent cases interpreting section 1305 of the Penal Code, *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385], and *People* v. *Surety Ins. Co.* (1973) 34 Cal.App.3d 444 [109 Cal.Rptr. 894].

In *People* v. *United Bonding Ins. Co., supra,* the defendant failed to appear for trial on January 8, 1968. Defendant's counsel stated he knew of no reason for the defendant's absence. The court issued a bench warrant, but did not order a forfeiture on the bond. The matter came on for trial again on April 16, 1968, and again defendant failed to appear. On May 14, 1968, the court issued an order that for the defendant's failure to appear on January 8, 1968, bail was forfeited pursuant to section 1305 of the Penal Code. A motion to set aside the forfeiture was denied and the surety appealed from that order, asserting that there was a jurisdictional time limit within which an order of forfeiture must be made after a bailee's default.

To resolve the issue, the Supreme Court considered section 1305 of the Penal Code as it read following the 1967 amendment, but before its amendment in 1969 (see *infra*). It then provided: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the *undertaking of bail . . . must thereupon be declared forfeited,* and . . . the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond. . . . If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond. But if at any time within 180 days after . . . mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the forfeiture or the defendant's neglect . . . the court shall direct the forfeiture of the undertaking . . . to be discharged upon such terms as

may be just." (Italics by the court; 5 Cal.3d at p. 903, fn. 4.) The Supreme Court held that "the court's failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture." (5 Cal.3d at p. 907.)

Moreover, the Supreme Court stated: "Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed. An excused nonappearance, accordingly, should be expressly reflected in the minutes." (5 Cal.3d at p. 907.)

This requirement that the minutes reflect any excused nonappearance was directly in issue in *People* v. *Surety Ins. Co., supra.* In that case, defendant failed to appear for trial on November 8, 1971. His counsel reported that he was detained in New York by federal authorities and was granted a continuance until November 18. A bench warrant was issued but ordered held. There was no minute entry either forfeiting bail or reciting that appearance was excused. Bail was ordered forfeited when the defendant failed to appear on November 18, 1971. Despite the evidence of possible excuse contained in the reporter's transcript, the Court of Appeal reversed the order denying the motion to vacate the forfeiture. Its reason was that the *minutes* must reflect any finding of excuse, relying upon the discussion in *United Bonding* quoted above.

■ The minutes in the present case contain no statement as to excuse. Therefore *United Bonding* and *Surety* might arguably appear dispositive of this appeal. However, a 1969 amendment to section 1305 requires a different result. That amendment added subdivision (b) to section 1305. Subdivision (b) reads as follows: "(b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse *may* exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear *without ordering a forfeiture* or *issuing a bench warrant.*" (Italics added.) (See Stats. 1969, ch. 1194, § 2.)

Subdivision (b) was not applicable and was not referred to in the *United Bonding* case, because the facts there occurred in 1968. The *Surety* court apparently overlooked it (or its effect), for it states: "Section 1305 was amended in 1970 and in 1972; neither amendment materially affected those portions of the section relied on in *United Bonding* . . . ." (*People* v. *Surety Ins. Co., supra,* 34 Cal.App.3d at p. 446, fn. 1.) This is, of course, not so.

By its terms, the amendment allows the court to continue the hearing without declaring a forfeiture if it "has reason to believe that sufficient excuse *may* exist for his neglect to appear . . . ." It does *not* require the court to make an immediate determination as to whether sufficient excuse exists. This specific authorization to continue the hearing reflects a vital change from the pre-existing law which the Supreme Court interpreted in *United Bonding*. By conspicuously deleting from subdivision (b) the express provisions retained in subdivision (a) to the effect that "the court shall direct the fact [of failure to appear] to be entered upon its minutes, . . ." the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a forfeiture at a later time.

The only condition for the continuance under subdivision (b) is that the court have "reason to believe that sufficient excuse may exist for [defendant's] neglect to appear or surrender himself." The trial court had the duty to determine the existence or nonexistence of the condition; defense counsel's statement to the court was sufficient to support the implied finding that the condition existed (see *People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621]), and it is presumed that the court's duty was regularly performed. (Evid. Code, § 664; *In re Johnson* (1965) 62 Cal.2d 325, 330 [42 Cal.Rptr. 228, 398 P.2d 420].)

The order denying the motion to vacate judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

A petition for a rehearing was denied December 10, 1975.