[Civ. No. 2436. Fifth Dist. Jan. 30, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Rushing & Clark, Albert G. Clark, Jr., I. Mark Bledstein and Bledstein & Lauber for Defendant and Appellant.

Stephen Dietrich, Jr., County Counsel, James A. Boscoe and Richard Matranga, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**\*—The defendant, Surety Insurance Company, appeals from a judgment decreeing the forfeiture of two bail bonds in the aggregate of $25,000 issued by the defendant for the appearance of one Melvin Liel.

The facts in this case are not in dispute. One Melvin Liel was indicted by the grand jury on 11 counts involving generally the possession of various narcotics, dangerous drugs and explosives. Throughout the proceedings relative to the charges against him he was free on bonds aggregating $25,000, one bond being in the penal sum of $12,000 and another in the sum of $13,000. Ultimately, Melvin Liel entered pleas of guilty to two counts in the indictment, a probationary hearing was set for September 4, 1973, and Melvin Liel was permitted to remain on bond until the date of the hearing.

Melvin Liel failed to appear at the appointed time on September 4. His counsel informed the court that his client had told him that he had gone to Stockton for medical treatment due to severe internal bleeding. The clerk's minutes reflect the following order of the court:

"Bench warrant be issued for failure to appear. Stay of execution of service on same granted until Thursday, Sept. 6, 1973 at 8:15 a.m.

"Bail forfeited if no appearance on above date."

Melvin Liel did not appear at the appointed time on September 6 or at any time thereafter. The court ordered the bail bonds to be forfeited and that the bench warrant for Liel's arrest be served.

The appellant bonding company was not notified on the occasion of defendant's failure to appear on September 4. The appellant was immediately notified of the nonappearance and bail forfeiture on

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

September 6, but, inexplicably, only notice of forfeiture of the $12,000 bond was given. A warrant issued for defendant Liel's arrest but he has not been apprehended.

Within the six months' time provided by law, appellant moved to vacate the forfeiture and for exoneration of the bond. The motion was denied and summary judgment was entered in favor of respondent. A subsequent motion to set aside the summary judgment was also denied.

In a factual situation almost identical to that here present the issues here presented are resolved in the case of *People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256 [125 Cal.Rptr. 529]. There, as here, the defendant under bond failed to appear at a time designated for appearance before the court. There, as here, the defendant's attorney offered an explanation for his client's nonappearance. There, as here, the court continued the matter to give the defendant an opportunity to appear without ordering the bail forfeited. In both cases, when the defendant failed to appear, the court ordered the bail forfeited.

In this case, as in *People* v. *Wilshire,* supra, the assertion is made that once a defendant fails to appear the trial court loses jurisdiction to order a subsequent forfeiture.

The case of *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385], appears to support appellant's position. However, as is noted in *People* v. *Wilshire, supra,* the Supreme Court, in *People* v. *United Bonding Ins. Co., supra,* based its opinion on the statutes as they existed prior to the 1969 amendment.

In the Statutes of 1969, chapter 1194, paragraph 2, the Legislature added the following provision to Penal Code section 1305: "(b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court *may* continue the case for such period as it deems reasonable to enable the defendant to appear *without ordering a forfeiture of bail or issuing a bench warrant.*" (Italics added.)

Prior to the 1969 amendment, the pertinent portion of section 1305 of the Penal Code had read in part: "If without sufficient excuse the

defendant neglects to appear for arraignment or for trial or judgment or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court *must* direct the fact to be entered upon its minutes and the undertaking of bail . . . *must* thereupon be declared forfeited. . . ." (Italics added.) It is therefore apparent that the Legislature intended to vest some discretion in the trial court as to whether or not a forfeiture was mandated immediately upon nonappearance by changing "must" to "may."

Such being the case, the case of *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, which was decided upon facts arising in 1968, is no longer controlling. Likewise, the case of *People* v. *Surety Ins. Co.* (1973) 34 Cal.App.3d 444 [109 Cal.Rptr. 894], which relies almost entirely upon the *People* v. *United Bonding Ins. Co., supra,* case, is also no longer controlling. As is said in *People* v. *Wilshire Ins. Co., supra,* 53 Cal.App.3d 256 at page 261: "By its terms, the amendment allows the court to continue the hearing without declaring a forfeiture if it 'has reason to believe that sufficient excuse *may* exist for his neglect to appear . . . .' It does *not* require the court to make an immediate determination as to whether sufficient excuse exists. This specific authorization to continue the hearing reflects a vital change from the pre-existing law which the Supreme Court interpreted in *United Bonding.* By conspicuously deleting from subdivision (b) the express provisions retained in subdivision (a) to the effect that 'the court shall direct the fact [of failure to appear] to be entered upon its minutes, . . .' the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a forfeiture at a later time."

The last quoted language from the *People* v. *Wilshire Ins. Co., supra,* case applies with full effect to our case. Here, in this case, the court was advised that the absent defendant was seeking medical assistance, and under such circumstances the court properly exercised its discretion given by the new amendment to section 1305 of the Penal Code to postpone a declaration of forfeiture in the case for a period of only two days. The trial court having properly exercised its discretion to postpone forfeiture equally properly exercised that right when the defendant again failed to appear two days later on September 6.

Logic supports the legislative amendment and the necessity therefor. If bail forfeiture is required immediately upon the first nonappearance of a defendant, no matter how valid his reason for nonappearance be, such defendant would be subjected not only to having his bail forfeited but the additional penalty of possibly being required to pay another premium for its reinstatement. We do not believe that a beneficent public policy would sanction such a hardship.

One issue remains. ■ As we noted earlier, the appellant surety issued two bonds upon the bailee rather than the customary one. When the clerk gave notice of forfeiture he gave notice as to a forfeiture of but the $12,000 bond. No mention was made of the $13,000 bond. It is clear that the bonding company by that single notice received notice of the fact that the bailee had failed to appear, bringing into play the forfeiture provisions of any outstanding bond.

Section 1305 of the Penal Code does not require notice be given as to each bond forfeited on a single individual. The fact that the appellant surety saw fit to depart from the requirement that only one bond should issue should not be used as a device to take advantage of its own error.

The judgment is affirmed.

Gargano, Acting P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 24, 1976.