[No. F003829. Fifth Dist. Feb. 26, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

## COUNSEL

E. Alan Nunez for Defendant and Appellant.

William E. Gnass, County Counsel, Angil P. Morris and David R. Ortega, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—This case comes to us on appeal by Surety Insurance Company of California (Surety), a corporate surety, from a Merced County trial court's order denying its motion (1) to vacate summary judgment on a forfeited bail bond, and (2) to exonerate the written undertaking. It is appellant's contention that the trial court lost jurisdiction to declare a forfeiture when it failed to declare the bail bond forfeited and continued the case the

---

\*Before Hanson (P. D.), Acting P. J., Woolpert, J., and Best, J.

first time defendant failed to appear for arraignment for judgment and sentencing. Appellant maintains there is no showing in the record or court minutes that the trial court had "reason to believe that sufficient excuse may [have existed] for [defendant's] neglect to appear . . ." (Pen. Code, § 1305, subd. (b)[1]) on June 28, 1983. ▮ ▮▮▮ We agree.[2]

In March of 1983, Marta Amparo Garcia was released on a $2,000 bail bond posted by Surety and Charles Johnson Bail Bonds (hereafter agent) pending her felony burglary trial. Following her conviction, arraignment for judgment and imposition of sentence was set for June 28, 1983.

The court minutes and a brief reporter's transcript from June 28, 1983, note that Garcia was not present, nor was her appointed counsel, Mr. Collins. The court was in receipt of a letter dated June 22, 1983, from Mr. Collins' secretary advising the court Mr. Collins' father had passed away that date and that the attorney would not return from out of town until June 29, 1983. The court stated: "[The] letter indicates that Mr. Collins' father died and that Mr. Collins would be out of town and asked this matter be continued to July 15th, *but there's no reason I'm aware of why the Defendant should not be here to hear whatever action the Court desired to take.*

"I'm going to order that a warrant issue for the arrest of the Defendant, fix bail at $5,000, but I'll stay the execution of that warrant until 8:30 on July 14th. And any bail presently posted would be ordered forfeited." (Italics added.)

On July 14, 1983, the record shows Mr. Collins and Garcia's husband were present, but not the defendant. Counsel and the defendant's spouse represented to the court that a medical emergency involving Garcia's three-year-old son had caused her to take the boy to a Fresno hospital that morning. Counsel asked for a one-week continuance in which to allow the problem to be resolved. The court inquired into the nature of the medical problem, remarked that "this would be the last continuance," and continued the case to July 22, 1983.

On July 22, 1983, Garcia again failed to appear for judgment. The court ordered execution of the June 28, 1983, bench warrant for Garcia's arrest.

---

[1]All further statutory references are to the California Penal Code.

[2]Though a summary judgment against a surety is a consent judgment which is normally not appealable, this court has previously held that it is implicit in the consent phrase from the bond that judgment be entered pursuant to the terms of the consent, which by its terms herein requires compliance with the jurisdictional prescriptions contained in Penal Code sections 1305 and 1306. Since we determine herein that the judgment was not entered in compliance with section 1305, subdivision (a) or (b) (i.e., was not entered in compliance with the consent given), the judgment is appealable. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].)

The $2,000 bail was ordered forfeited and bail set at $5,000 on the bench warrant. Twenty-five days had elapsed from the time Garcia first failed to appear for judgment. Surety and its agent were notified by mail on July 22, 1983, of the order of forfeiture for Garcia's failure to appear.

After the statutory period for setting aside the forfeiture had passed (180 days—§ 1305, subd. (a)), summary judgment against Surety and its agent was entered for the sum of $2,000. (§ 1306, subd. (a).) Surety moved in a timely manner to vacate the summary judgment and, following argument, Surety's motion was denied. This appeal followed.

## DISCUSSION

Resolution of the instant case turns on the interpretation of section 1305, subdivision (b), which states as follows: "If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

Certain fixed legal principles guide us in the construction of bail statutes. ▆▆▆ The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) Thus, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. (*People* v. *Surety Ins. Co.* (1982) 136 Cal.App.3d 556, 561 [186 Cal.Rptr. 385].) Where a statute such as section 1305, subdivision (b), requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, *or to perform subject to certain limitations,* an act beyond those limits is in excess of its jurisdiction. (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *People* v. *Wilshire Ins. Co., supra,* 46 Cal.App.3d at p. 220.)

▆▆▆ As a general rule, failure of a defendant to appear for judgment without sufficient excuse requires entry of such fact upon the minutes, and an immediate forfeiture of the bail with prompt notice to the surety and its agent. (§ 1305, subd. (a).) Subdivision (b) of section 1305 was first added in 1969 (eff. Jan. 1, 1970) and sets forth a *limited* exception to the immediate forfeiture rule. It allows the trial court to continue a criminal case for such period as it deems reasonable when "the court has *reason to believe that sufficient excuse may exist* for [a defendant's] neglect to appear," with-

out ordering a forfeiture of bail or issuing a bench warrant. (*Ibid.*, italics added.) In order for the court to have reason to believe that sufficient excuse may exist, our Supreme Court has stated in a similar context there must be "some rational basis" for belief at the time of defendant's nonappearance that sufficient excuse may exist. (Cf., *People* v. *United Bonding Ins. Co.*, *supra*, 5 Cal.3d at p. 906.)

We are aware that *People* v. *United Bonding Ins. Co.* dealt with an interpretation of section 1305 under 1968 law, that is, an interpretation of the statute prior to the addition of the limited exception set out in subdivision (b). However, it was in determining *how soon* a declaration of forfeiture must follow a bailee's failure to appear without the court having exceeded its jurisdiction that the Supreme Court arrived at the conclusion that "some rational basis" must exist "for a belief at the time of [defendant's] nonappearance that there exists a sufficient excuse therefor." (*Ibid.*) The Supreme Court's language and reasoning on this issue in *United Bonding* appear equally applicable to an interpretation of the language added to the statute in 1969, as it would be impossible for a trial court, in the exercise of sound judicial discretion, to have "reason to believe that sufficient excuse may exist" for a nonappearance if there were not some basis in *fact* for such a conclusion. (§ 1305, subd. (b).) There could be no good faith "belief" to support a delay in ordering forfeiture that was not grounded in "some rational basis." (*People* v. *United Bonding Ins. Co.*, *supra*, 5 Cal.3d at p. 906.)

The recent case of *People* v. *Surety Insurance Co.* (1984) 160 Cal.App.3d 963 [206 Cal.Rptr. 836], adds support to our holding herein. In that case respondent disputed any continuing viability of the Supreme Court's decision in *United Bonding* following the 1969 amendment, as does respondent here. Defendant Santoyo had failed to appear for a hearing and the court, after commenting that the "[defendant] is either not coming or forgot," failed to forfeit the bond. This was upon request by defense counsel that the bench warrant be stayed and a representation by defense counsel that he would "endeavor to have [defendant] brought in [to court]" four days hence. The court minutes reflected the defendant failed to appear "without sufficient excuse," a bench warrant was issued but held until the next date set for hearing. Defendant again failed to appear and the bail bond was ordered to be forfeited.

In holding that the trial court did not retain jurisdiction to declare forfeiture four days later, the *Surety* court noted that counsel neither suggested nor provided the court with an excuse in conjunction with his request for a

stay of the warrant. Counsel's representation that he would "endeavor to have [defendant] brought in," was "not an explicit or implicit excuse from which a court could reasonably believe the defendant was absent with an excuse." (*Id.*, at p. 969.) The court concluded: "The absence of any statements or actions by defendant or his counsel, from which it could be implied that defendant had justification for his absence, compels the conclusion that the trial court did not have reason to believe that sufficient excuse may have existed for defendant's failure to appear or surrender himself. Accordingly, the trial court did not retain jurisdiction to declare a forfeiture." (*Ibid.*)

█ In the instant case, the court's own language belies any basis in fact for a belief that sufficient excuse may have existed for Garcia's failure to appear for judgment. The court stated, "there's no reason I'm aware of why the Defendant should not be here to hear whatever action the Court desired to take [in the matter of the continuance requested by defense counsel]."

█ Our Supreme Court has explained the rationale behind strict adherence to the language of the forfeiture statutes: "If a surety is to be afforded the protections provided by [§ 1305] he must be advised at an early date of the fact of the forfeiture in order that he may institute procedures to locate and compel the appearance of the bailee. Should the surety not have an early opportunity to institute these endeavors the possibility of discharging the forfeiture will be severely prejudiced, and it is manifest that he will suffer such prejudice whether there is an undue delay in advising him after the declaration of a forfeiture *or a delay in making the declaration itself.*" (*People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d at p. 906, italics added.) █ In the instant case, the order declaring forfeiture did not come until 25 days (and two more nonappearances) after Garcia first failed to appear without sufficient excuse. An order of forfeiture should have been declared on June 28, 1983; the court's failure to declare a forfeiture on that date deprived it of jurisdiction to declare a forfeiture at a later date.

Respondent below (the district attorney) attempted to defend the lower court's action by hypothesizing that the court did not order a forfeiture on June 28 "because it obviously felt that it was possible that the defendant's nonappearance might have been caused because of unknown communication between the defendant and the defendant's attorney or the attorney's secretary." During oral argument before this court, respondent (the deputy county counsel) continued to press this argument. However, nothing in the secretary's letter or the court's language or minutes supports such speculation. █ The test is not mere *possibility* of sufficient excuse, but some rational basis for belief of sufficient excuse.

 The cases relied upon by respondent are not persuasive.[3] It is true that *People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256 [125 Cal.Rptr. 529], *People* v. *Surety Ins. Co.* (1976) 55 Cal.App.3d 197 [127 Cal.Rptr. 451], and *People* v. *National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302 [142 Cal.Rptr. 98] all stand for the proposition that pursuant to section 1305, subdivision (b), a court may continue a defendant's hearing for a reasonable period without declaring a bail forfeiture when the court has reason to believe that sufficient excuse may exist for a defendant's neglect to appear. However, unlike the instant case, defense counsel in all of the above-cited cases presented the trial court with a sufficient basis to *entertain* a reasonable belief the defendant's nonappearance may have been with sufficient excuse.

In *People* v. *Wilshire Ins. Co., supra,* 53 Cal.App.3d at pages 258-261, although the court's minutes failed to reflect any reason for defendant's nonappearance, the reporter's transcript of the proceedings contained a statement by defense counsel that he believed defendant was appearing in another California jurisdiction on a criminal matter, and that counsel would attempt to have defendant present within the week. The appellate court held that defense counsel's statement to the court was sufficient to support the condition for a continuance set out in section 1305, subdivision (b).

Again, in *People* v. *Surety Ins. Co., supra,* 55 Cal.App.3d at pages 199, 201, defense counsel appeared and advised the court his client told him that he had sought medical treatment in a nearby city due to severe internal bleeding. It was held that upon such a representation, the court properly exercised its discretion under section 1305, subdivision (b), to postpone a declaration of forfeiture and grant a short continuance.

Finally, in *People* v. *National Automobile & Cas. Ins. Co., supra,* 75 Cal.App.3d at pages 304, 306, on a date set for hearing defense counsel related to the court that the clerk of the court had been advised that morning by the defendant's mother that defendant had been in an automobile accident. A three-week continuance pursuant to section 1305, subdivision (b) was granted and defendant appeared at the continued hearing. The report of the probation officer and sentencing was set for the following month. Defendant visited the probation department in the interim but again failed to

---

[3]Respondent repeatedly contends this is an appeal on a clerk's transcript. The import of this allegation is that with no record of the evidence produced, the appeal is subject to the conclusive presumption the trial court received substantial evidence to support its action. (*Cosenza* v. *Kramer* (1984) 152 Cal.App.3d 1100, 1102 [200 Cal.Rptr. 18].) However, the clerk's transcript contains reporters' transcripts of the short hearings on June 28 and July 14, the occasions on which continuances were granted. Therefore, no such presumption is applicable.

appear in court on the date set. Although defense counsel had no express explanation for defendant's absence, the appellate court held certain facts, such as defense counsel's concurrence to the one-month continuance requested by the probation department, the defendant's appearance at the continued hearing and later at the probation department, and defense counsel's request to issue but hold a bench warrant until a future hearing date, taken in conjunction with defense counsel's apparent belief that defendant was trustworthy and would appear absent sufficient excuse, gave the lower court "reason" to believe sufficient excuse may have existed for defendant's absence and reason to grant a short continuance.

■■■ Unlike the cases discussed above, in the instant case the letter to the court from counsel's secretary made no representation or suggestion of any reason why the defendant would be absent or that there had been any contact with the defendant. The court's own language at the June 28 hearing establishes the court was unaware of *any* basis for the defendant's absence that might constitute sufficient excuse. The minute order of the same date reflects only that defense counsel was unable to appear that day. Section 1305, subdivision (b), does not provide authority for a reasonable continuance under such circumstances; the forfeiture should have been ordered immediately and the surety and its agent notified forthwith pursuant to section 1305, subdivision (a). The subsequent order of forfeiture and summary judgment entered thereon was without jurisdiction and therefore a nullity.

The summary judgment in favor of the People is reversed and the trial court is directed to vacate the forfeiture and exonerate the written undertaking.