[No. B007420. Second Dist., Div. Four. Mar. 20, 1985.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

## COUNSEL

E. Alan Nunez and Mark L. Bernstein for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Dennis M. Gonzales, Senior Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant appeals from a summary judgment based on a forfeiture of a bail bond. We affirm.

On April 23, 1983, defendant Surety Insurance Company posted a $5,000 bond to secure the release of Dennis L. Justice. On August 8, 1983, the date set for his appearance at a pretrial conference, Mr. Justice failed to appear. The trial court did not declare a forfeiture of the bond, but continued the case until August 17, 1983, and issued a bench warrant to be held until the later date. When Mr. Justice did not appear on August 17th, the trial court did declare a forfeiture and ordered the bench warrant served. Summary judgment on the forfeiture was entered on April 11, 1984. On May 1, 1984, defendant Surety moved to vacate the summary judgment and set aside the forfeiture. The motion was denied; defendant has appealed. We affirm.

In the trial court and here, the surety relies on *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385]. That reliance is misplaced. *United Bonding,* although decided in 1971, concerned a nonappearance of a defendant that had occurred in 1968. As both briefs here agree, the decision in that case takes no account of a 1969 amendment of the governing statute—section 1305 of the Penal Code. The *United Bonding* decision held that, *under the statute as it read in 1968,* a trial court was required to declare a forfeiture immediately on a nonappearance unless the minutes expressly showed the existence of a valid excuse for the nonappearance. Absent such a minute entry and the existence of a valid excuse, a trial court that did not declare a forfeiture lost jurisdiction to declare a forfeiture at a later date and the failure immediately to declare a forfeiture exonerated the bond. That reliance, in 1971, on a 1968 statute was understandable. The nondeclaration of forfeiture created, as of 1968, a vested right in a surety which the Supreme Court was required to recognize, whenever the issue arose.

Appellant also relies on *People* v. *Surety Insurance Co.* (1985) *ante,* page 22 [211 Cal.Rptr. 204]. However, as that opinion makes clear, the trial court had no reason, at the time of the defendant's first nonappearance, to believe that there was any excuse for *his* absence—the only excuse offered was for the nonappearance of counsel for the absent defendant. The case is obviously distinguished from the case here.

However, as later cases have declared, the 1969 amendment abolished the requirement that the existence of an excuse must actually exist and be set forth in the minutes. (See *People* v. *Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256 [125 Cal.Rptr. 529]; *People* v. *National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7 [143 Cal.Rptr. 540].)

The briefs discuss the wisdom of that change. Of course, we are not concerned with legislative policy. We comment, however, that the change does not create a situation so obviously bad as to permit us to stretch the statutory language to avoid an irrational result. The change makes sense. If a trial court, on a first nonappearance, suspects that some good excuse exists, the public interest—which prefers the appearance of a defendant rather than a monetary penalty—is best served by encouraging a bondsman to increase its own efforts to locate the defendant and produce him in court in order to avoid a forfeiture and not to induce the bondsman to feel that further effort by him would be materially unproductive.[1]

---

[1]We recognize that, even after a forfeiture, a bondsman may secure relief by producing the defendant within a 180-day period. But that remedy is more costly and less certain than production of a defendant *before* a forfeiture. Production of the defendant during the period of the continuance does not require proof that the suspected excuse did exist—production is enough. But relief under the postforfeiture provision requires both production and proof of a valid excuse.

Here, the minutes of the hearing on August 17th set forth expressly the statement (binding on us on this record)[2] by the judge who had granted the continuance of August 8th that that continuance had been granted because "in doing so that court had reason to believe that such excuse may have existed for the criminal defendant's neglect to appear at the plea hearing." As the cases above cited show, that is all that the 1983 version of the statute required. It follows that, when there was a second nonappearance, with no excuse, the trial court still had jurisdiction to declare a forfeiture.

The judgment is affirmed.

Woods, P. J., and Arguelles, J., concurred.

A petition for a rehearing was denied April 16, 1985, and appellant's petition for review by the Supreme Court was denied June 5, 1985.

---

[2]Appellant has not chosen to provide us with a transcript of the hearing on August 8th. Thus we cannot know what information on that date induced the trial judge to form the impression that some excuse *might* exist. Lacking any such transcript, we cannot deny the accuracy of the minute order of August 8th.