Opinion
 

 MIHARA, J.
 

 In this action we consider whether a court may look beyond the record of proceedings where the presence of a criminal defendant is lawfully required and the defendant fails to appear to determine whether there was sufficient cause for a continuance pursuant to Penal Code
 
 [1]
 
 section 1305.1. This question arises within the context of the appeal by Frontier Pacific Insurance Company (Frontier) from the denial of its motion to vacate forfeiture and exonerate bail. We hold that where the record of the actual proceedings fails to disclose that the court had sufficient cause for a continuance, the court has lost jurisdiction to later declare a forfeiture of bail.
 

 Procedural History
 

 On September 10, 1996, Alfonso Magana waived preliminary hearing and entered a plea of guilty in his criminal case. He waived time for imposition of sentence and was ordered to appear in superior court on September 27, 1996. Magana was remanded to custody, and bail was reduced to $100,000.
 

 On September 27, 1996, Frontier posted bail bond No. CS100-00141716 for Magana’s release from custody pending sentencing. The bond stated the date of appearance as “9-27-96 9AM.” The “Official Receipt” issued by the jail upon Magana’s release on bail indicated the appearance date was “09-27-96.”
 

 
 *892
 
 On September 27, 1996, Magana did not appear. At that hearing the following colloquy occurred:
 

 “The Court: ... In the matter of People versus Magana, record should reflect the presence of Ms. Woo on behalf of the People, Mr. Prieston on behalf of the defendant, who is not present. [H] This is a matter that had had [■ric] been set for probation and sentencing. The defendant not being present, the court is going to issue a bench warrant to stay it to October 25th at 9:00 a.m. for probation and sentencing.
 

 “The Clerk: How much, Judge?
 

 “The Court: Bail in the sum of $25,000.
 

 “Mr. Prieston: Judge, do you want to keep jurisdiction and forfeit the bail and I’ll get a resumption from the bail bondsman?
 

 “The Court: No. Stay the forfeiture.
 

 “Mr. Prieston: No. Stay the forfeiture, stay on the warrant.
 

 “The Clerk: Okay.”
 

 Neither the minutes
 
 [2]
 
 nor the transcript of proceedings indicated any reason or explanation for Magana’s failure to appear.
 

 On October 25, 1996, the date to which the case had been continued, Magana failed to appear, and the bail was declared forfeited. A bench warrant was issued and bail was set at $5 million.
 

 On April 11, 1997, Frontier noticed a motion to vacate the forfeiture and exonerate bail. In opposition to the motion, the district attorney submitted a declaration from the deputy who was present at the proceedings on September 27, 1996. In the declaration the deputy states that in an in camera discussion with the judge and defense counsel on September 27, 1996, she explained that Magana was currently acting as a confidential informant. She stated that she informed the judge that there may have been some confusion as to whether Magana was aware of the court date and/or whether Magana was aware that his appearance was necessary. She told the judge that a task force agent with the drug enforcement administration had spoken with Magana within the preceding week. The agent had told Magana that he still
 
 *893
 
 had to make his next court date which was coming up in the next weeks. The deputy told the judge that there may have been confusion as to whether Magana was aware of the court appearance, since the agent had mentioned the court dates in “the next weeks.” From these events the deputy district attorney concluded that based on information that the agent “had recent contact with the Defendant, the confirmation that the Defendant was a confidential informant and the confusion concerning the court date, the Court found good cause to stay a bench warrant for the Defendant’s nonappearance. Because the Defendant was a confidential informant, the Court did not state on the record the reasons for the stay on the warrant.”
 

 The court denied Frontier’s motion and this appeal followed.
 

 Discussion
 

 “Where the evidence before the appellate court is not in dispute, the issue is one of law, in this case, statutory construction. The legal conclusions drawn by the trial court are not binding on appeal. ... In interpreting a statutory scheme, we apply these rules: ‘Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. ... To ascertain such intent, courts turn first to the words of the statute itself . . . , and seek to give the words employed by the Legislature their usual and ordinary meaning. . . . When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. . . . The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute . . . , and where possible the language should be read so as to conform to the spirit of the enactment.’ ”
 
 (People
 
 v.
 
 Amwest Surety Ins. Co.
 
 (1997) 56 Cal.App.4th 915, 919-920 [66 Cal.Rptr.2d 29], citations omitted.)
 

 The two pertinent statutes in this case are sections 1305 and 1305.1. Section 1305, subdivision (a) provides in relevant part: “A court shall declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] . . . [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant’s presence in court is lawfully required.” Thereafter, section 1305.1 states in pertinent part: “If the defendant fails to appear . . . upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant.” In order to properly construe
 
 *894
 
 these forfeiture statutes it is first necessary to consider the nature and development of the law regarding the forfeiture of bail bonds.
 

 Sections 1305 through 1309 govern the forfeiture of bail bonds. Because the law disfavors forfeitures, including the forfeiture of bail, these statutory provisions must be strictly construed in favor of the surety to avoid the harsh results of forfeiture.
 
 (People
 
 v.
 
 Ranger Ins. Co.
 
 (1992) 9 Cal.App.4th 1302, 1305 [12 Cal.Rptr.2d 343].) Moreover, section 1305, like other forfeiture statutes, has been held to be jurisdictional in a variety of circumstances. Thus, the provisions of the statute must be strictly followed or the court acts without or in excess of jurisdiction.
 
 (People
 
 v.
 
 Topa Ins. Co.
 
 (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167];
 
 People
 
 v.
 
 American Bankers Ins. Co.
 
 (1992) 4 Cal.App.4th 348, 354 [5 Cal.Rptr.2d 620].)
 

 In
 
 People
 
 v.
 
 United Bonding Ins. Co.
 
 (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385], our Supreme Court was called upon to consider whether there is a jurisdictional although no express time limit within which an order of forfeiture must be made after a bailee’s default.
 
 (Id.
 
 at p. 904.) The Supreme Court held that former section 1305 required that a court must declare a forfeiture of bail immediately on the day the defendant fails to appear if the failure to appear is “ ‘without sufficient excuse.’ ” (5 Cal.3d at p. 906.) The court concluded that “the court’s failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture.”
 
 (Id.
 
 at p. 907.)
 

 The high court finally held that: “Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant’s reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed. An excused nonappearance, accordingly, should be expressly reflected in the minutes.”
 
 (People
 
 v.
 
 United Bonding Ins. Co., supra,
 
 5 Cal.3d at p. 907.)
 

 When the Supreme Court decided
 
 United Bonding,
 
 it made no reference to the 1969 amendment which added subdivision (b) to section 1305 (now section 1305.1). However, the court used language remarkably similar to that of the amendment when it held: “The failure to so declare an immediate forfeiture upon the nonappearance of a defendant bailee can be justified only where there is some rational basis for a belief at the time of his nonappearance that there exists sufficient excuse therefor.”
 
 (People
 
 v.
 
 United Bonding Ins. Co., supra,
 
 5 Cal.3d at p. 906.) As one court observed, “The Supreme Court’s language and reasoning on this issue [immediate forfeiture] in
 
 *895
 

 United Bonding
 
 appear equally applicable to an interpretation of the language added to the statute in 1969, as it would be impossible for a trial court, in the exercise of sound judicial discretion, to have ‘reason to believe that sufficient excuse may exist’ for a nonappearance if there were not some basis in
 
 fact
 
 for such a conclusion. (§ 1305, subd. (b).) There could be no good faith ‘belief to support a delay in ordering forfeiture that was not grounded in ‘some rational basis.’
 
 (People
 
 v.
 
 United Bonding Ins. Co., supra,
 
 5 Cal.3d at p. 906.)”
 
 (People
 
 v.
 
 Surety Ins. Co.
 
 (1985) 165 Cal.App.3d 22, 27 [211 Cal.Rptr. 204], italics in original) In
 
 People
 
 v.
 
 Surety Ins. Co.,
 
 the court held that the “test is not mere
 
 possibility
 
 of sufficient excuse, but some rational basis for belief of sufficient excuse.”
 
 (Id.
 
 at p. 28.)
 

 Nevertheless, the 1969 amendment to section 1305 abolished the requirement that the existence of an excuse must be set forth in the minutes. Subsequent decisions to
 
 United Bonding
 
 have held that the entire record of the hearing where the defendant failed to appear may be considered, and the excuse no longer need be expressly set out in the minutes. (See, e.g.,
 
 People
 
 v.
 
 Amwest Surety Ins. Co., supra,
 
 56 Cal.App.4th at p. 922;
 
 People
 
 v.
 
 National Automobile & Cas. Ins. Co.
 
 (1977) 75 Cal.App.3d 302, 304, 306 [142 Cal.Rptr. 98];
 
 People
 
 v.
 
 Surety Ins. Co.
 
 (1976) 55 Cal.App.3d 197, 199, 201 [127 Cal.Rptr. 451];
 
 People
 
 v.
 
 Wilshire Ins. Co.
 
 (1975) 53 Cal.App.3d 256, 258-261 [125 Cal.Rptr. 529].) Thus, the reviewing court may look to the reporter’s transcript, as well as the minutes, to supply a sufficient record of sufficient excuse.
 

 Given this evolution of the forfeiture statutes we address the case at bench. The first obstacle we encounter is that neither the minutes nor the court’s transcript of the proceedings on September 27, 1996, offer any evidence of sufficient excuse for defendant Magana’s failure to appear.
 

 In
 
 People
 
 v.
 
 American Bankers Ins. Co.
 
 (1989) 215 Cal.App.3d 1363 [264 Cal.Rptr. 152], the defendant did not appear at the probation and sentencing hearing and the matter was twice continued. When the defendant again did not appear, the court ordered bail forfeited. The surety argued, and the Court of Appeal agreed, that the trial court’s failure to declare the bond forfeited on the first day the defendant failed to appear deprived the court of jurisdiction over the bond, because there was no showing on the record that the trial court had reason to believe that sufficient excuse may have existed for the defendant’s absence.
 
 (Id.
 
 at pp. 1365-1366.) The same reasoning is equally applicable in this case.
 

 The district attorney’s belated explanation for a silent record does not alter our view. Even if we take the deputy district attorney’s declaration as
 
 *896
 
 something more than mere speculation, the declaration fails to explain why the court did not merely state, either on the record or in the minutes, that as a result of an in camera conference, it had reason to believe that sufficient excuse existed for Magana’s failure to appear. In the absence of such a statement, we are left with the Supreme Court’s admonition that “Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant’s reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed.”
 
 (People
 
 v.
 
 United Bonding Ins. Co., supra,
 
 5 Cal.3d at p. 907.)
 

 Disposition
 

 The order is reversed, and the trial court is directed to vacate the forfeiture and exonerate the undertaking. Costs awarded to Frontier Pacific Insurance Company.
 

 Cottle, P. J., and Bamattre-Manoukian, J., concurred.
 

 [1]
 

 All further statutory references are to the Penal Code.
 

 [2]
 

 Despite the fact that the minutes indicate that the bond was forfeited, the parties agreed that a forfeiture was mistakenly reflected in the minute form.