Filed 4/22/16  P. v. Bankers Ins. Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039200 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. M118689) |
| v. | |
| BANKERS INSURANCE CO., | |
| Defendant and Appellant. | |

Bankers Insurance Company appeals from an order denying its motion to set aside summary judgment, vacate forfeiture, and exonerate bail.  We conclude that the trial court had jurisdiction to declare forfeiture of bail and affirm the order.

### I.  Factual and Procedural Background

On July 22, 2011, appellant, through its agent Luna Bail Bonds, posted a $10,000 bond for the release of Felipe Braulio Bernardino.

On September 14, 2011, Bernardino was present in court.  Defense counsel stated that Bernardino intended to waive his right to a preliminary hearing and asked that arraignment be set after Bernardino met with an immigration attorney on October 4, 2011.  The trial court responded:  "How about this, do you want to waive prelim, certify it up on the existing Complaint as the charging document, and then we

schedule pretrial past the 4th?" Bernardino then waived his right to a preliminary hearing, and the parties stipulated that the existing charging document could be used in superior court as the charging document. Bernardino also waived his right to a trial within 60 days of September 14, 2011. The trial court continued the case to October 19, 2011 for a pretrial conference. The trial court did not order defendant to appear on that date.

On October 19, 2011, Bernardino was not present in court. The trial court stated that defense counsel "actually appeared in chambers on this case indicating he'd lost track of his client, or his client had lost track of him and the Court, that he hadn't seen or heard from him and was unable to track him down. He knew the Court was going to issue a bench warrant." The trial court ordered bail forfeited.

On October 20, 2011, the clerk of the court mailed a notice of forfeiture to the bail agent and appellant. On August 22, 2012, the clerk of the court mailed a notice of summary judgment to the bail agent and appellant.

On September 21, 2012, appellant filed a motion to set aside summary judgment, discharge forfeiture, and exonerate bail. Respondent filed opposition to the motion. Following a hearing, the trial court entered an order denying the motion. The trial court stated that "[a]lthough the record does not reflect a direct order that Defendant be present on [October 19, 2011], it is clear that by setting the date to accommodate Defendant the court was acting to assure Defendant's personal presence. [¶] Penal Code section 1305(a)(4) requires Defendant's appearance on any occasion in which his presence is lawfully required. [¶] Furthermore, California Rule of Court 4.112(a)(3) requires Defendant's presence at a court's readiness conference. [¶] Local Rules 14.06 and 14.07 address the pre-trial conference calendar and jury trial readiness calendar, respectively. Both make clear that [the] primary purpose of these conferences is to reasonably predict the business of the court and eliminate congestion of the trial calendar. [¶] It appears

2

clear from the above that the pre-trial conference set for October 19, 2011 was the functional equivalent of a readiness conference, and Defendant's presence was lawfully required.  [Citation.]"

Appellant filed a timely notice of appeal.

## II.  Discussion

Appellant contends that the trial court lacked jurisdiction to declare a forfeiture of bail when Bernardino failed to appear at the pretrial conference on October 19, 2011.

We review an order denying a motion to vacate bail forfeiture for abuse of discretion.  (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488,1491.)  However, when the evidence is not in dispute and the issue is one of statutory construction, we conduct an independent review.  (*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 893.)  " ' "Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. . . .  To ascertain such intent, courts turn first to the words of the statute itself . . . , and seek to give the words employed by the Legislature their usual and ordinary meaning. . . .  When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. . . .  The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute . . . , and where possible the language should be read so as to conform to the spirit of the enactment." ' [Citation.]"  (*Ibid.*)

"[Penal Code] sections 1305[1] through 130[8] govern the forfeiture of bail bonds. Because the law disfavors forfeitures, including the forfeiture of bail, these statutory provisions must be strictly construed in favor of the surety to avoid the harsh results of

---

[1]    All further statutory references are to the Penal Code.

3

forfeiture.  [Citation.]  Moreover, section 1305, like other forfeiture statutes, has been held to be jurisdictional in a variety of circumstances.  Thus, the provisions of the statute must be strictly followed or the court acts without or in excess of jurisdiction.  [Citations.]" (*People v. Frontier Pacific Ins. Co.*, *supra*, 63 Cal.App.4th at p. 894.)

Section 1305, subdivision (a) authorizes the trial court to declare a forfeiture of bail if the defendant fails to appear for arraignment, trial, judgment, or "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required."

The California Supreme Court recently held that "for purposes of section 1305, a defendant's presence at an 'other proceeding[]' under section 977(b)(1) constitutes a 'lawfully required' appearance for which his or her unexcused absence may justify the forfeiture of bail." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 716 (*Safety National*).)[2]  In *Safety National*, the defendant failed to appear at a pretrial hearing, which had been scheduled when he was present in court.  (*Safety National*, at p. 717.)  The court concluded that since the defendant had not, with leave of court, executed a written waiver of his right to be present at the pretrial hearing, his absence constituted a basis under section 1305 to forfeit bail.  (*Safety National*, at p. 717.)

Similarly, here, Bernardino was present in court when the trial court set the matter for a pretrial conference on October 19, 2011.  Bernardino did not, with leave of court, execute a written waiver of his right to be personally present at this hearing.  As in *Safety National*, his absence constituted a basis under section 1305 to forfeit bail.

_____

[2]      Former section 977, subdivision (b)(1) provided in relevant part:  "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence.  The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ."

Appellant also contends that Bernardino was in custody on the underlying case after the posting of the bond and thus the bond was exonerated by operation of law when Bernardino appeared in court on September 14, 2011.

"On appeal, we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'" (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) "[A] party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) It is the appellant's burden to show reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)

Here, the record is inadequate to show that Bernardino was in custody after the bond was posted on July 22, 2011. The minutes for the preliminary hearing calendar call on September 14, 2011 state: "Defendant appears and is in custody on this case." However, these same minutes also state: "Defendant to remain on bail." This latter statement of Bernardino's status is consistent with the minutes for the pre-trial conference on October 19, 2011: "Defendant failed to appear/not present. [¶] O.R. REVOKED." Based on this record, appellant has not met its burden to show that Bernardino was taken into custody prior to forfeiture of the bond.

In sum, the trial court did not abuse its discretion in denying the motion to set aside summary judgment, discharge forfeiture, and exonerate bail.

## III. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Grover, J.