[Civ. No. 50153. Second Dist., Div. Five. Nov. 22, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY
INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Bledstein & Lauber and I. Mark Bledstein for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—National Automobile and Casualty Insurance Company, appellant, filed its bail bond in the amount of $5,000 on behalf of defendant, Thomas Collins. After defendant failed to appear, bail was forfeited. A motion to set aside the forfeiture and exonerate bond was timely filed but was denied. This appeal followed.

The pertinent facts are as follows:

On November 13, 1975, defendant failed to appear and Mr. Kamins, his counsel, advised the court that "Mr. Collins' mother—I am informed by the clerk—called this morning and said he had been in some kind of automobile accident." Mr. Kamins requested that a bench warrant be issued and held. The court complied with this request and issued the following order: "Defendant fails to appear and may have sufficient excuse. Bench warrant ordered issued and held until 12-2-1975." Defendant appeared on December 2, 1975, and the previously issued bench warrant was ordered to be quashed, and he was permitted to remain at liberty on the bail bond.

At the next hearing on January 22, 1976, defendant again failed to appear, and the record shows the following colloquy:

"MR. KAMINS: . . . He was supposed to be here for probation and sentencing today. He did initially report to the probation department, and they could not get back in touch with him. I don't think the other members of his family are real trustworthy, and the phone number he did have—I got in touch with him at—is disconnected.

"THE COURT: Probation officer requested the matter to be put over to February 19th.

"MR. KAMINS: *Why don't we do that and issue a bench warrant and hold it to that date.*

"THE COURT: Matter will be put over to February 19th. Bench warrant to issue and be held until that date." (Italics added.)

The minutes of the above hearing read in part as follows: "Defendant fails to appear and may have sufficient excuse. Bench warrant ordered issued/held until 2-19-1976."

Defendant failed to appear in court on February 19, 1976, and the bail bond was ordered to be forfeited. Appellant filed a notice of motion to vacate forfeiture and exonerate bond. The motion was argued and denied on September 1, 1976.

■ It is appellant's contention that the court was without jurisdiction to forfeit the defendant's bail on February 19, 1976, as there is nothing in the record to support the court's position that sufficient excuse existed or

may have existed for the defendant's failure to appear on January 22, 1976.

The People of the State of California, respondent, agree that a trial court's *erroneous* failure to declare a bail forfeiture upon a defendant's nonappearance operates to divest it of jurisdiction to declare such a forfeiture at a later date, thereby occasioning the exoneration. (*People* v. *United Bonding Ins. Co.,* 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385].) However, respondent, citing Penal Code section 1305, subdivision (b),[1] claims that this rule of law has no application when, as here, the trial court's failure or refusal to declare the forfeiture upon nonappearance is not erroneous.

Appellant does not seem to challenge this contention, but instead argues that the reporter's transcript clearly reveals that at the January 22, 1976, hearing, the record is silent as to any reason for the defendant's nonappearance. Furthermore, appellant contends it was only the clerk's minutes that indicated that defendant might have good cause for not appearing and this ministerial pronouncement is improper when not supported by the record.

In *People* v. *Wilshire Ins. Co.,* 53 Cal.App.3d 256, 261 [125 Cal.Rptr. 529], the court considered section 1305, subdivision (b) and stated: "By its terms, the amendment [to § 1305, subd. (b)] allows the court to continue the hearing without declaring a forfeiture if it 'has reason to believe that sufficient excuse *may* exist for his neglect to appear . . . .' It does *not* require the court to make an immediate determination as to whether sufficient excuse exists. This specific authorization to continue the hearing reflects a vital change from the pre-existing law which the Supreme Court interpreted in *United Bonding.* By conspicuously deleting from subdivision (b) the express provisions retained in subdivision (a) to the effect that 'the court shall direct the fact [of failure to appear] to be entered upon its minutes, . . .' the Legislature intended the very simple alternative of a reasonable continuance without any specific minute order. Since the court is thus specifically authorized by the amendment to postpone its decision, it certainly retains jurisdiction to declare a

---

[1]Penal Code section 1305, subdivision (b) provides as follows: "If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, *but the court has reason to believe that sufficient excuse may exist for his neglect to appear* or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." (Italics added.)

forfeiture at a later time. [¶] The only condition for the continuance under subdivision (b) is that the court have *'reason to believe that sufficient excuse may exist for [defendant's] neglect to appear or surrender himself.'* (Italics added.) The trial court had the duty to determine the existence or nonexistence of the condition; defense counsel's statement to the court was sufficient to support the implied finding that the condition existed. [Citation.]"

Here, according to the minutes, the court made a determination that a sufficient excuse may have existed for defendant's absence. We agree with respondent that there are several items in the record upon which the court's decision could be predicated. The court indicated that there was a request by the probation officer to put the hearing over to February 19. In response, Mr. Kamins replied: "Why don't we do that and issue a bench warrant and hold it to that date." Clearly, by asking that the warrant be held, as he did earlier when an excuse *was* offered, defendant's attorney was requesting a judicial determination that sufficient excuse existed for his client's absence. Just prior to asking that the bench warrant be held over, Mr. Kamins stated: "He was supposed to be here. . . . He did initially report to the probation department. . . . I don't think *the other* members of his family are real trustworthy. . . ." It would not be unreasonable for the trial court to believe that Mr. Kamins was representing that defendant would have been present unless he had an excuse because he had reported to the probation department. Also, the reference to the untrustworthiness of *the other* members of defendant's family is like saying, "they might not be trustworthy but my client certainly is." In most situations involving a section 1305, subdivision (b) determination the only reasons before the trial court are the evidence or representations furnished by defendant's counsel. The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations. In *People* v. *Surety Ins. Co.,* 55 Cal.App.3d 197, 199 [127 Cal.Rptr. 451], sufficient excuse was predicated on a representation by defendant's counsel that *"his client had told him."* In *People* v. *Wilshire Ins. Co., supra,* at page 258, it was upon defense counsel's expression of "there's a *possibility* he might be in the San Francisco area." While we have no express explanation from Mr. Kamins on defendant's absence, we believe the concurrence to the continuance and the request to hold the warrant was an *implicit* representation to the court that his client would have been present if he could have been. It also reflects his own state of mind; namely, that he believed his client was a person of the type who would appear absent such sufficient excuse. *Wilshire Ins. Co., supra,* at page 261 states that the

court may continue the hearing without declaring a forfeiture if it " 'has reason to believe that sufficient excuse *may* exist for his neglect to appear. . . .' It does *not* require the court to make an immediate determination as to whether sufficient excuse exists." Certainly the record in this case supports this concept of the statute and for the reasons stated, the record also supports the minute order to the effect that "defendant . . . *may* have sufficient excuse."

The judgment denying exoneration of the bond is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied December 22, 1977, and appellant's petition for a hearing by the Supreme Court was denied January 19, 1978.