Filed 9/27/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br><br>BANKERS INSURANCE COMPANY,<br><br>      Defendant and Appellant. | A159278<br><br>(Alameda County Super.<br>Ct. No. 19-CR-003004) |

Bankers Insurance Company appeals from an order denying its motion to vacate forfeiture and exonerate a bail bond and from the subsequent judgment entered against it, contending that the trial court lost jurisdiction over the bond by failing to declare a forfeiture pursuant to Penal Code section 1305[1] when the defendant failed to appear at a pretrial hearing in his criminal case. We conclude that the record reflects the trial court had a rational basis for believing there may have been an excuse for defendant's failure to appear sufficient to warrant continuing the case without declaring a forfeiture and, accordingly, retained jurisdiction to later declare the bail forfeited when defendant failed to appear on the continued date. We thus affirm.

**BACKGROUND**

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

On February 22, 2019, a criminal complaint was filed against defendant Jonathan Lealbetancourt for unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)).

On February 26, defendant was in custody and present in court for a pretrial hearing. The trial court continued the matter to March 20 for a further pretrial hearing.

On or about February 28, BailSmart Bail Bonds, as an agent of appellant Bankers Insurance Company (together, "the Surety"), posted a bond of $25,000 for defendant's release from custody.

At the March 20 pretrial hearing, defendant was not present in court. The following colloquy took place:

"THE COURT: I'm looking at the bail bond. It looks like he bailed out and was notified to appear 3/20/19 at 9:00 a.m. here.

"MS. KLEIN [defense counsel]: Is it possible that we maintain the PX [preliminary hearing] and hold a warrant for a pretrial?

"THE COURT: What's his FTA [failure to appear] record like?

"You don't usually see somebody bail out and then FTA.

"MS. KLEIN: Right.

"MS. CAMPBELL [prosecutor]: What's the name?

"MS. KLEIN: Lealbetancourt.

"THE COURT: He just bailed out on the 28th of February.

"It's a 10851.

"Yes, I'll give you a week to bring him back in.

"MS. KLEIN: Thank you.

"THE COURT: Bench warrant of 35,000 held.

"Again, it's not likely to waste your family and friends money and then FTA on a 10851."

The trial court then set a further hearing for March 28 and the proceedings concluded.

On March 28, defendant again failed to appear, and the trial court ordered bail forfeited. A notice of forfeiture was mailed to the parties on March 29.

On October 2, the Surety filed a motion to vacate forfeiture and exonerate bail or in the alternative to extend time, arguing that the court lost jurisdiction over the bond because it failed to declare a forfeiture when defendant did not appear on March 20.

On November 22, the court heard and denied the motion. The court explained: "The Public Defender and the attorney of record who represented the defendant at that hearing indicated and requested that they would like the Court to hold a warrant so that the Court—so that they could make a determination as to whether or not—or what was going on with the defendant. That request, not unusually, as it's made on a daily basis, was granted."

Summary judgment was subsequently entered against the Surety, and the Surety appeals from both that judgment and the order denying the motion to vacate the forfeiture and exonerate the bond.

## DISCUSSION

**Applicable Law**

Under section 1305, subdivision (a)(1), "[a] court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" for any occasion where his or her presence in court is "lawfully required." However, section 1305.1—added in 1993, and restating in substance former section 1305, subdivision (b)—provides: "If the defendant fails to appear for

3

arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

In considering a previous version of the statute that provided that the court must declare bail forfeited "if, without sufficient excuse, the defendant neglects to appear" when lawfully required, our Supreme Court explained that "[t]he failure to so declare an immediate forfeiture upon the nonappearance of a defendant bailee can be justified only where there is some rational basis for a belief at the time of his nonappearance that there exists a sufficient excuse therefor. What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge . . . ." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 903, fn. 4, 906–907 (*United Bonding*).)

Courts have since applied this same reasoning to the "reason to believe that sufficient excuse may exist" language now contained in section 1305.1: "The Supreme Court's language and reasoning on this issue in *United Bonding* appear equally applicable to an interpretation of the language added to the statute in 1969, as it would be impossible for a trial court, in the exercise of sound judicial discretion, to have 'reason to believe that sufficient excuse may exist' for a nonappearance if there were not some basis in *fact* for such a conclusion. (§ 1305, subd. (b) [now § 1305.1].) There could be no good faith 'belief' to support a delay in ordering forfeiture that was not grounded in 'some rational basis.' " (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 27, quoting *United Bonding, supra*, 5 Cal.3d at p. 906; see *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 923 (*Amwest*).)

4

The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript. (See *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 797 (*North River*); *Amwest, supra*, 56 Cal.App.4th at p. 922; *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 895–896.)

"The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. (*People v. United Bonding Ins. Co.*[, *supra*,] 5 Cal.3d [at p.] 906.) Thus, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. [Citation.]" (*People v. Surety Ins. Co., supra*, 165 Cal.App.3d at p. 26.) This is in part because "the public interest . . . prefers the appearance of a defendant rather than a monetary penalty." (*County of Los Angeles v. Surety Ins. Co.* (1985) 165 Cal.App.3d 948, 950.)

"Where a statute such as section 1305, subdivision (b) [now section 1305.1], requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, *or to perform subject to certain limitations*, an act beyond those limits is in excess of its jurisdiction. [Citations.]" (*People v. Surety Ins. Co., supra*, 165 Cal.App.3d at p. 26.) Thus "[i]f the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710 (*Safety National*).)

We review a trial court's finding of sufficient excuse for abuse of discretion. (See *United Bonding, supra*, 5 Cal.3d at pp. 906–907 ["What constitutes a sufficient excuse generally rests within the sound discretion of the trial judge"]; *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952 ["The determination whether an excuse is sufficient is a matter within the trial court's discretion"]; *People v. Bankers Ins. Co.* (2020) 57 Cal.App.5th

5

418, 425–426 [reviewing finding of sufficient excuse for abuse of discretion]; *People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 135 [same].)[2]

"In most situations involving a section 1305, subdivision (b) [now section 1305.1] determination the only reasons before the trial court are the evidence or representations furnished by defendant's counsel. The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." (*People v. National Auto & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 306 (*National Automobile*).)

By way of example, sufficient excuse has been found where defense counsel represented that defendant's mother was dying of cancer (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 17, 19–20); in a situation where " 'there may be an emergency [defendant] attended to, and he may be . . .

---

[2] The Surety argues that because the facts are undisputed, we are faced with a pure question of law that we review de novo. (See *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314.) But only two of the authorities cited by the Surety in support of this proposition considered the question of whether an excuse was sufficient: *North River, supra*, 37 Cal.App.5th 784, and *Amwest, supra,* 56 Cal.App.4th 915. The court in *North River* stated that its review was de novo, but spent the bulk of the opinion considering an issue of pure statutory construction (whether the defendant's presence at a hearing on subpoenaed records was "lawfully required" under section 1035, subdivision (a)(1)(D)). (*North River*, at pp. 792–796.) The section considering sufficient excuse expressly recognized that "[t]he determination whether an excuse is sufficient is a matter within the trial court's discretion," and found that the record contained no excuse at all. (*Id.* at pp. 797–798.) *Amwest* likewise purported to apply a de novo standard of review (*Amwest*, at pp. 919–920), but nevertheless found that the trial court was given "ample reason to believe" that the defendant had sufficient excuse and thus had "discretion" to continue the case (*id.* at pp. 925–926). In short, and because the record in this case is not silent, we conclude that the better view is that our review is for abuse of discretion.

available tomorrow morning' " (*Amwest*, 56 Cal.App.4th at p. 925); where defense counsel's "client had told him that he had gone to Stockton for medical treatment due to severe internal bleeding" (*People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 199); and where defense counsel stated "there's a possibility [defendant] might be in the San Francisco area" because "[t]here's also another action pending in San Francisco" (*People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258). Even vague representations by counsel have been found sufficient—i.e., where defendant had never previously failed to appear and defense counsel was "concerned something has happened." (See *People v. Ranger Ins. Co., supra,* 108 Cal.App.4th at pp. 949, 953.)

In *National Automobile, supra,* 75 Cal.App.3d 302, defense counsel stated: "[Defendant] was supposed to be here for probation and sentencing today. He did initially report to the probation department, and they could not get back in touch with him. I don't think the other members of his family are real trustworthy, and the phone number he did have—I got in touch with him at—is disconnected." (*Id.* at p. 304.) Defense counsel then requested that the matter be put over and a bench warrant "h[e]ld to that date." (*Ibid.*) The court of appeal concluded that the record supported the trial court's finding that there may have been sufficient excuse: "It would not be unreasonable for the trial court to believe that [defense counsel] was representing that defendant would have been present unless he had an excuse because he had reported to the probation department. Also, the reference to the untrustworthiness of the other members of defendant's family is like saying, 'they might not be trustworthy but my client certainly is.' " (*Id.* at p. 306.) And *National Automobile* reasoned that "the concurrence to the continuance and the request to hold the warrant was an implicit representation to the court that his client would have been present if he could

have been. It also reflects his own state of mind; namely, that he believed his client was a person of the type who would appear absent such sufficient excuse." (*Ibid.*)

However, where the record is "silent" regarding whether there may be sufficient excuse, the trial court is obligated to declare a forfeiture. For example, in *North River*, *supra*, 37 Cal.App.5th at p. 789, defendant's attorney stated her appearance " 'on behalf of Mr. Chirinos, who is not present,' " and " 'ask[ed] that [Chirinos's] appearance be excused today.' " The trial court did not respond to defense counsel's request, but the trial court's notes stated " '[W]aived Δ.' " The court of appeal rejected the argument that defendant may not have had notice of the hearing, finding that notice could be inferred from actual notice to his counsel, and concluded that "[w]e are therefore left with a silent record regarding the reason for Chirinos's nonappearance. Because the record provides no rational basis for the trial court's implicit finding of sufficient excuse, we must 'conclude that [Chirinos's] nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed.' " (*Id.* at p. 798.)

**Analysis**

The parties have not cited, and we have not found, any cases addressing the situation before us—whether a trial judge's own experience with the particular charge at issue, as opposed to the statements or representations of defense counsel, may provide a rational basis to believe sufficient excuse may exist under section 1305. However, we conclude that the record provides a rational basis for the trial court's finding that sufficient excuse may exist under the circumstances of this case.

8

To begin with, we are not confronted here with a "silent record": the reporter's transcript makes clear that the trial court believed it was likely that defendant had sufficient excuse for his nonappearance because of the specific nature of the charge in this case, and possibly the amount of the bond. This is "some rational basis" on the record for a belief that sufficient excuse may exist. (See *People v. Surety Ins. Co.*, *supra*, 165 Cal.App.3d at p. 27; *United Bonding*, *supra*, 5 Cal.3d at p. 906; *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 953 [trial court's "own experience with the defendant's past behavior over a several month period provided a 'rational basis' for believing there might be a sufficient excuse"].) In addition, defense counsel stated "Right" in response to the trial court's suggestion that it would be unusual to fail to appear on the charge which, together with defense counsel's request to hold the warrant, might reasonably read as an implicit representation that the defendant would not have been absent without excuse, given the nature of the charge and the amount of bail. (See *National Automobile*, *supra*, 75 Cal.App.3d at p. 306.)

In sum, we conclude the trial court did not abuse its discretion in concluding, based on the nature of the charge and the amount of the bail bond, that sufficient excuse may have existed for defendant's failure to appear.

The Surety attempts to distinguish the various authorities cited above finding a rational basis by arguing that in each case the defendant's attorney "provided the court with an explanation for the defendant's absence." But this is not entirely correct. As noted, in *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at pp. 949, 953, sufficient excuse was found based on defendant's history of appearances and counsel's statement that he was "concerned something has happened." And in *National Automobile*, *supra*,

9

75 Cal.App.3d 302, the court found sufficient excuse based on counsel's statements about defendant's family and representation that the defendant had reported to the probation department. (*Id*. at p. 306.) In neither case did counsel actually represent where defendant was or provide a specific explanation for defendant's absence. (See also *People v. Bankers Ins. Co.*, *supra*, 57 Cal.App.5th at pp. 425–426 [finding sufficient excuse where hearings were calendared in defendant's absence and he was not ordered to appear].) And "the test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture," but simply whether the trial court has " 'reason to believe that sufficient excuse *may* exist for the failure to appear.' " (*People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 953.) Such a reason is demonstrated by the record here.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


*People v. Bankers Insurance Company* (A159278)

11

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Honorable Paul Delucchi |
| Attorney for Plaintiff and Respondent, People of the State of California: | Office of the County Counsel, County of Alameda, Donna R. Ziegler, County Counsel, Scott J. Feudale, Senior Deputy County Counsel |
| Attorney for Defendant and Appellant, Bankers Insurance Company: | Law Office of John Rorabaugh, John Mark Rorabaugh, Crystal L. Rorabaugh |