Filed 6/10/24  P. v. Bankers Insurance Company CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BANKERS INSURANCE COMPANY,<br><br>    Defendant and Appellant. | A165813<br><br>(Alameda County Super. Ct. No. 19CR010352) |

Bankers Insurance Company appeals a summary judgment entered on a bail bond after defendant Angenique Mauricia Kyer failed to appear and the trial court declared a forfeiture of the bond.  (Pen. Code[1], § 1305, subd. (a).)  Bankers also appeals a subsequent order denying its motion to vacate the forfeiture.

We reverse the order denying Bankers' motion to vacate the forfeiture, which is void because the court did not follow the correct procedure.  The *appeal* of the summary judgment is untimely, and we dismiss it.  But because the summary judgment is also void, for the same reason as the forfeiture, it is subject to collateral attack. Accordingly, we remand the case to the trial court.

---

[1] All undesignated statutory references are to the Penal Code.

1

## BACKGROUND

Bankers posted a bail bond in April 2020 to secure the release from jail of Kyer, who had been charged with two felonies. The bail bond face sheet and jail receipt each stated that Kyer was ordered to appear in court on May 19, 2020. The docket, however, does not reflect that a hearing was scheduled or held on May 19, 2020.

The next hearing held after Kyer's release was a plea hearing on May 21, 2020, in Department 712. The record of that hearing, while sparse, shows Kyer did not attend. There is no reporter's transcript. The minutes consist of a form on which the clerk noted that the judge and defense counsel appeared by video and wrote "N/A" in the space for "Dep[uty] DA." The form has boxes to indicate a defendant was "Present," "In Custody," "Not Present," "Excused," "[Section] 977 [waiver] on file," or "Failed to Appear"; the clerk checked "Not Present." The minutes do not indicate what occurred at the hearing, though a docket entry states, "Maintain Date(s)." The minutes state that a plea hearing was set for August 17, 2020.

Kyer did not appear at subsequent hearings on August 17 or September 23, 2020.

After Kyer did not appear at a plea hearing in March 2021, the court ordered the bail forfeited and sent Bankers a notice of forfeiture.

The court extended Bankers's deadline to move to vacate the forfeiture to April 18, 2022. On that date, Bankers filed a motion to vacate. It contended the court had lost jurisdiction of the bond when it failed to declare a forfeiture upon Kyer's nonappearances in 2020. The next day—April 19, 2022—the court entered summary judgment on the bond, and the clerk mailed Bankers a notice of entry of judgment. In June 2022, the court denied the motion to vacate forfeiture.

2

On July 25, 2022, Bankers filed a notice of appeal from both the oral order denying its motion to vacate and the summary judgment.

## DISCUSSION

### A.

"A surety undertakes to guarantee the defendant's timely appearance in court. If the defendant fails to appear, the surety is contractually obligated to the government in the amount of its bond." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 313.) The statutory scheme governing bail is found in section 1268 et seq. (*Indiana Lumbermens*, at p. 304.) Sections 1305 through 1306 govern forfeitures of bail, and they are strictly construed; a trial court "must carefully follow these provisions or its acts may be found to be without, or in excess of, its jurisdiction." (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 133 (*Financial Casualty & Surety I*).)

If a defendant released on bail fails to appear when required to do so by order or by law, the trial court must declare the bond forfeited and notify the surety unless "the court has reason to believe that sufficient excuse may exist for the failure to appear." (§§ 1305, subds. (a) & (b)(1), 1305.1.) In that event, the court has discretion to continue the case without forfeiting the bond. (§ 1305.1.) "If the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710.) Similarly, if a defendant fails to appear and the court finds there may be a sufficient excuse, but its finding entails an abuse of discretion, the court loses jurisdiction of the bond and cannot later declare a forfeiture. (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 718 ["on collateral attack a subsequent bail forfeiture will be vacated"] (*Allegheny Casualty*); *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907

3

(*United Bonding*), superseded in other part by statute as noted in *People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 201.)

We review the denial of a motion to vacate a bond forfeiture for an abuse of discretion. (*People v. Financial Casualty & Surety Inc.* (2017) 10 Cal.App.5th 369, 378–379.) But competing principles govern our application of that standard, including our review of a trial court's underlying determination that a sufficient excuse for a failure to appear may exist, so it should continue a case rather than declare a forfeiture. On one hand, "whether an excuse is sufficient is within the trial court's discretion and decided on a case-by-case basis," and " 'the test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse,' " but whether a court had " ' "reason to believe that sufficient excuse may exist." ' " (*Financial Casualty & Surety I*, *supra*, 14 Cal.App.5th at p. 135.) On the other hand, because the law disfavors forfeitures, trial courts must adhere strictly to the statutory process. (*United Bonding*, *supra*, 5 Cal.3d at p. 906.) " 'The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release . . . .' " (*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805.)

Finally, we may not apply the usual presumption, based on Evidence Code sections 664 and 666, that a trial court knew and applied the law in exercising its discretion. (*Allegheny Casualty*, *supra*, 41 Cal.4th at pp. 716–717.) A defendant's failure to appear, without explanation, is presumptively unexcused. (*Id.* at p. 717.) To protect a surety's interest in promptly beginning pursuit of a bailee who may have fled, a court must create a record supporting its decision to grant a continuance. (*Id.* at p. 718.) "[I]f the record is *silent* concerning the trial court's reasons for continuing the matter and for not immediately declaring forfeiture of bail, a reviewing court must 'conclude that

4

[the] nonappearance was without sufficient excuse.' " (*Id.* at p. 717, quoting *United Bonding, supra,* 5 Cal.3d at p. 907.)

## B.

Bankers contends the trial court lacked jurisdiction to declare a forfeiture of the bond in 2021 because it had failed to declare a forfeiture on four dates in 2020—May 19, May 21, August 17, and September 23—when Kyer failed without sufficient excuse to appear. As a result, Bankers argues, the court abused its discretion by declining to vacate the subsequent forfeiture. Because we agree with Bankers as to the May 21 hearing, we need not analyze the others.

On May 21, as noted, Kyer failed to appear at an unreported plea hearing. The only record of the hearing is a minute order, which does not state that the court excused the nonappearance or reflect any "rational basis . . . to believe there may be a sufficient excuse" therefor. (*People v. American Surety Co.* (2021) 65 Cal.App.5th 191, 197.) The minutes state only that Kyer was "Not Present."

Our Supreme Court addressed such a case over 50 years ago: "Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed." (*United Bonding, supra*, 5 Cal.3d at p. 907.) As the court later explained, the trial court is required to create a record supporting its decision to grant a continuance. If the court fails to do so, the continuance—and any subsequent bail forfeiture—is invalid. (*Allegheny Casualty, supra*, 41 Cal.4th at p. 718.)

With no record of the May 21 hearing but a minute order stating only that Kyer was "Not Present," the county cannot

overcome the rule of *United Bonding*. The county speculates that, because the record does not affirmatively establish that Kyer was notified of the May 21 hearing date, she may not have been aware of it. But the county has the burden to prove that the defendant's failure to appear is excused. (*People v. Financial Casualty & Surety, Inc.* (2019) 39 Cal.App.5th 1213, 1221.) It cites no evidence that Kyer failed to receive notice. Defense counsel, moreover, appeared at the May 21 hearing, which supports an inference that counsel notified his client. (See *People v. North River Ins. Co.* (2019) 37 Cal.App.5th 784, 798 [inferring actual notice to defendant from fact that his attorney was served with motion and appeared at hearing]; *People v. Jimenez* (1995) 38 Cal.App.4th 795, 802–803 [evidence defense counsel was notified of and attended hearing supported inference he notified client and client chose not to appear].)

The county cites numerous cases where the court of appeal affirmed a continuance based on flimsy evidence of an excuse. But in those decisions the court of appeal relied on representations by counsel or comments by the trial court, as recorded in a transcript of the missed hearing, to identify the finding's basis. (See *County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 522–523; *Financial Casualty & Surety I, supra,* 14 Cal.App.5th at p. 131; *People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 476–477; *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 948–949; *People v. National Automobile & Casualty Insurance Co.* (1977) 75 Cal.App.3d 302, 304 (*National Automobile*); *People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 258.) Here we have no such record.

The county asserts, in passing, that an excuse "need not be expressly set forth in the hearing's minutes or transcript." Insofar as the county means a formal finding of excuse or the precise nature of the excuse need not be spelled out in the minutes or transcript, it is correct. (*National Automobile, supra,*

75 Cal.App.3d at p. 306.)  But insofar as it suggests the *basis* for finding a sufficient excuse need not appear in either document, or in some other contemporaneous record of the hearing, it is mistaken.  (*Ibid.*; see *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 892, 895–896 [record failed to support excuse where belated declaration explained that trial court discussed the issue in camera, but court neglected to note in minutes or transcript that it had done so].)

In short, the silent record for Kyer's nonappearance on May 21 means that the court lost jurisdiction over the bond and could not later declare a forfeiture.

**C.**

We now turn to Bankers's appeal from the summary judgment.

The parties agree the summary judgment was premature. When a trial court declares a forfeiture, the clerk's mailing of notice to the surety begins an "appearance period" within which the surety "is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds."  (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)  Bankers timely filed a motion to vacate forfeiture on the last day of the appearance period, as extended, and the trial court entered summary judgment the next day, with the motion still pending. A summary judgment entered in such circumstances is premature.  (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1075–1076 [judgment entered while motion to vacate, filed on last day of appearance period, was still pending].)

But a premature judgment is voidable, not void.  (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 663.) Bankers was required either to move the trial court to set it aside or to file a notice of appeal within 60 days.  (*People v. American*

*Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047.) Bankers did neither. It did not address the summary judgment, of which the clerk mailed notice of entry on April 19, 2022, until it filed a notice of appeal 97 days later, on July 25, 2022.

We reject Bankers's reliance on California Rules of Court, rule 8.108(c), which, according to Bankers, says "the finality of a judgment is extended when a motion to vacate is filed and heard." By paraphrasing the rule in that way, Bankers has elided the language that makes it inapplicable. The rule, titled "Motion to vacate *judgment*," states: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move-or a valid motion-*to vacate the judgment*, the time to appeal from the judgment is extended." (Cal. Rules of Court, rule 8.108(c), italics added.) Bankers did not file a motion to vacate judgment; it filed a "motion to vacate forfeiture and exonerate bail." A forfeiture of a bond is distinct from a summary judgment on the bond, which can be entered only after the surety has been notified of the forfeiture and the appearance period has expired. (§§ 1305, subds. (a)(1), (c)(1), § 1306, subd. (a).) Because rule 8.108(c) does not apply, the notice of appeal was untimely as to the summary judgment. (*People v. American Contractors Indemnity Co.*, *supra*, 238 Cal.App.4th at p. 1047.)

Because it is untimely, we dismiss the appeal as to the summary judgment only; the appeal is timely as to the order on the motion to vacate forfeiture. (See *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 771 [partially dismissing appeal because notice was untimely as to judgment but timely as to postjudgment order]; *People v. American Surety Co.*, *supra*, 65 Cal.App.5th at p. 194 [denial of motion to vacate forfeiture is independently appealable].)

Nevertheless, because a trial court's failure to comply with sections 1305–1306 makes a forfeiture void, a subsequent

judgment is subject to collateral attack.  (*People v. American Contractors Indemnity Co.*, *supra*, 91 Cal.App.4th at pp. 805–806.)  We therefore remand the case to the trial court for further proceedings.

## DISPOSITION

The appeal is dismissed as untimely as to the summary judgment.  The matter is remanded with directions to the trial court to vacate its order denying the motion to vacate forfeiture and exonerate bail and to enter a new order granting the motion.  The parties shall each bear their costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(3).)


BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.


*P. v. Bankers Insurance Company (A165813)*

9