Filed 8/19/24  P. v. Allegheny Casualty Company CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B322370 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ4708) |
| v. | |
| ALLEGHENY CASUALTY COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Jerry B. Marshak, Commissioner, and Natalie Stone, Judge.  Reversed with directions.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Richard P. Chastang, Assistant County Counsel, and Michael J. Gordon, Deputy County Counsel, for Plaintiff and Respondent.

# INTRODUCTION

Allegheny Casualty Company appeals from an order denying its motion to vacate forfeiture and exonerate a bail bond that Allegheny's agent posted to secure the release of Alfredo Sanchez and from the subsequent judgment against Allegheny. Allegheny argues the trial court lost jurisdiction over the bond by failing to declare a forfeiture under Penal Code section 1305.1[1] when Sanchez failed to appear for his continued arraignment. Because there was no factual basis for the trial court's finding Sanchez had a valid excuse for failing to appear, the trial court erred in denying Allegheny's motion to vacate. Therefore, we reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Allegheny Posts a Bail Bond for Sanchez, and Sanchez Fails To Appear*

On February 17, 2021 Allegheny, through its agent Answer Bail Bonds, posted a bond to secure Sanchez's release from custody. Sanchez was released at 2:23 a.m. on February 18, 2021; the bond ordered Sanchez to appear for his arraignment the same morning at 8:30 a.m. Sanchez did not appear then. At the hearing the trial court stated, "I'm really reluctant to forfeit the bond that [Sanchez] just posted a few hours ago." The court reset Sanchez's arraignment for March 4, 2021 and ordered the Los Angeles County Probation Department to give Sanchez notice and file a proof of service.

---

[1] Statutory references are to the Penal Code.

2

Sanchez did not appear on March 4, 2021. The proof of service showed the Probation Department, instead of sending Sanchez a notice to appear, mailed Sanchez a copy of the minute order from the February 18, 2021 hearing. The trial court stated that the minute order "minimally provided the notice," but that "supervised persons or lay persons" like Sanchez would not "know what to do with it." The court said that, "before the court can forfeit someone's bail and order a bench warrant as the consequence for a failing to appear in court for a prior court order, the supervised person has to have notice of his obligation to appear in the court." The court stated it would not impute to Sanchez "the wherewithal to figure out [from the minute order] where exactly the Parole/PRCS Department 83 in the CEN DIST" was. The court did not ask counsel for Sanchez whether she had been in contact with him. The court ruled the notice of the hearing was "not legally sufficient," continued the arraignment "one more time" to March 18, 2021, and ordered Answer Bail Bonds to give Sanchez notice.

Sanchez did not appear on March 18, 2021. The trial court ruled the notice of the hearing was legally sufficient, ordered the bail forfeited, and issued a bench warrant for Sanchez's arrest.

B.    *Allegheny Files a Motion To Vacate the Forfeiture and Exonerate Bail*

The trial court issued a notice of forfeiture, and after the court granted Allegheny's motion to extend the appearance period, Allegheny filed a motion to vacate the forfeiture and exonerate bail. Allegheny argued that under section 1305, subdivision (a)(1), the trial court lost jurisdiction over the bond when the court failed to order bail forfeited on February 18, 2021

3

and March 4, 2021, when Sanchez failed to appear. Allegheny contended the record failed to show a sufficient excuse for Sanchez's failure to appear. The trial court denied the motion and entered summary judgment on the forfeited bond. The court subsequently entered judgment against Allegheny, and Allegheny timely appealed from the judgment and the order denying the motion to vacate forfeiture and exonerate bail.[2]

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Under section 1269b, subdivision (a), "authorized jail personnel have the authority to 'set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof.' Section 1269b further provides that '[i]f a defendant or arrested person so released fails to appear at the time and in the court so ordered upon his or her release from custody, Sections 1305 and 1306 apply.'" (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 312 (*Financial Casualty*).) Under section 1305, subdivision (a)(1), the trial court must declare bail forfeited when the defendant is released on bail and fails to appear for arraignment, trial, judgment, or any other occasion when the defendant's appearance is "'lawfully required.'" (See *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 707.)

---

[2]    Both are appealable. (See *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314; *People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 376; *County of Los Angeles v. Fairmont Specialty Group* (2008) 164 Cal.App.4th 1018, 1021.)

4

Section 1305.1, however, allows the court to "continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant" if the court has "reason to believe that sufficient excuse may exist" for the defendant's failure to appear for arraignment or otherwise "when his or her appearance is lawfully required." (See *People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 477-478.) "'[T]he test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture,' but simply whether the trial court has "'reason to believe that sufficient excuse *may* exist for the failure to appear.""" (*Bankers Ins.*, at p. 482; see *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953.) "The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript." (*Bankers Ins.*, at p. 478; see *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 797.)

"'Where a statute such as [section 1305.1], requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, *or to perform subject to certain limitations*, an act beyond those limits is in excess of its jurisdiction. [Citations.]' [Citation.] Thus '[i]f the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later.'" (*People v. Bankers Ins. Co.*, *supra*, 69 Cal.App.5th at p. 479; accord, *People v. Safety National Casualty Corp.*, *supra*, 62 Cal.4th at p. 710; see *People v. The North River Ins. Co.*, *supra*, 37 Cal.App.5th at p. 792 ["a trial court must 'carefully follow [section 1305] or its acts may be found to be without, or in excess of, its jurisdiction'"].) "[B]ecause

the law disfavors forfeitures, we strictly construe the statutes governing bail forfeiture in favor of the surety "'to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.'"" (*People v. Accredited Surety & Casualty Co.* (2022) 77 Cal.App.5th 185, 190; see *Bankers Ins.*, at pp. 478-479.)

We review a trial court's ruling on a motion to set aside a bail forfeiture for abuse of discretion. But where, as here, the facts are undisputed and only legal issues are involved, our review is de novo. (*Financial Casualty*, *supra*, 5 Cal.5th at p. 314; *People v. Accredited Surety & Casualty Co.*, *supra*, 77 Cal.App.5th at p. 190; *County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.)

> B.    *The Trial Court Exceeded Its Jurisdiction by Failing To Declare the Bail Forfeited on March 4, 2021*

Allegheny does not challenge the trial court's ruling on February 18, 2021 that Sanchez had a sufficient excuse for failing to appear the morning of his release. But Allegheny argues that the bail bond required Sanchez to appear that morning and that the trial court lost jurisdiction over the bond by failing to declare bail forfeited at the continued arraignment on March 4, 2021. The People argue Sanchez's (sufficient) excuse for failing to appear on that date authorized the trial court to continue the arraignment to March 18, 2021. In the procedural context of this case, Allegheny is correct.

Sanchez was "lawfully required" to appear for his arraignment on February 18, 2021, at 8:30 a.m., because his bail bond set that date and time for his appearance. (See *Financial*

6

*Casualty*, *supra*, 5 Cal.5th at p. 316 [section 1305 requires the defendant to appear at the date and time set in a conforming bail bond].)[3]  The trial court impliedly found Sanchez had a sufficient excuse for his failure to appear, presumably because it was only six hours after his release.  (See *People v. Ranger Ins. Co.*, *supra*, 108 Cal.App.4th at p. 953 [trial court's finding of sufficient excuse may be implied].)  As stated, Allegheny does not contest that ruling.  But because Sanchez had proper notice of his arraignment on February 18, 2021, section 1305.1 did not require that he have "actual knowledge of the continued date as a prerequisite for a declaration of forfeiture" at the continued hearing.  (*Ranger Ins. Co.*, at p. 954.)  As we explained in *Ranger Ins. Co.*:  "In no doubt every case the defendant is aware he or she has missed a required court appearance.  The onus should thus be on the defendant to discover when his or her appearance is next required in order to avoid a forfeiture of bail.  Section 1305.1 reflects this view by authorizing the court to declare a forfeiture if the defendant fails to appear on the continued date—without more."  (*Ranger Ins. Co.*, at p. 954.)  Thus, the trial court abused its discretion in ruling the Probation Department's "minimal" notice to Sanchez of the March 4, 2021 hearing gave him sufficient excuse for failing to appear.  (See *People v. Bankers Ins. Co.*, *supra*, 69 Cal.App.5th at p. 479 ["We review a trial court's finding of sufficient excuse for abuse of discretion."]; *People v. American Surety Co.* (2021) 65 Cal.App.5th 191, 197 [same].)  Which also means the trial court erred in denying Allegheny's motion to vacate forfeiture and exonerate bail.

---

[3]  The People do not argue the bail bond here was nonconforming.

7

The People assert the court's decision in *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301 supports the trial court's (incorrect) statement at the March 4, 2021 hearing that, before the court could forfeit bail and issue a bench warrant "as the consequence for a failing to appear in court per a prior court order," Sanchez had to have notice of "the date, the time, the courtroom, and the address . . . of the courthouse where that courtroom is." But that case did not concern an appearance required by a bail bond under section 1269b; it concerned a pretrial readiness conference following the defendant's appearance at his arraignment. (*Id.* at p. 1303.) In that context the court stated that a "defendant's presence is 'lawfully required' when there is 'a specific court order commanding his appearance at a date and time certain' . . . .'" (*Id.* at p. 1304.)

The People also cite *People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302. That case, however, did not involve an appearance required by a bail bond, nor did it prescribe any standard for determining whether notice to the defendant was legally sufficient. (See *id.* at p. 304 [defendant failed to appear for a probation and sentencing hearing].) Another case cited by the People, *People v. Bankers Ins. Co.*, *supra*, 69 Cal.App.5th 473, did concern an appearance based on a time and date set in a bail bond (see *id.* at p. 476) but did not involve whether that notice was legally sufficient.

8

## DISPOSITION

The judgment is reversed.  The trial court is directed to vacate the order denying Allegheny's motion to vacate forfeiture and exonerate bail and enter a new order granting the motion. Allegheny is to recover its costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.