Filed 4/3/25  P. v. The North River Ins. Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER INSURANCE COMPANY,<br><br>        Defendant and Appellant;<br><br>BAD BOYS BAIL BONDS,<br><br>        Real Party in Interest and Appellant. | B323564<br><br>(Los Angeles County Super. Ct. Nos. SJ4711/ BA476638) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Natalie Stone, Judge.  Affirmed.

Jefferson T. Stamp, for Defendant and Appellant and Real Party in Interest and Appellant.

Dawyn R. Harrison, County Counsel, Richard P. Chastang, Assistant County Counsel, and Michael J. Gordon, Deputy County Counsel, for Plaintiff and Respondent.

Defendant and appellant The North River Insurance Company (Surety) and real party in interest and appellant Bad Boys Bail Bonds (Bail Agent) appeal from a summary judgment entered on a forfeited bail bond.[1] We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In November of 2019, appellants executed a bail bond for Elias Romero, a criminal defendant. Through the bond, Surety undertook to ensure that Romero would appear at certain criminal proceedings and to pay the State of California $50,000 if Romero failed to appear.

On March 5, 2020, the court ordered Romero, who was present in court, to attend a pretrial hearing on April 29. In April, in chambers and without Romero or his counsel present, the court vacated the April 29 court date and continued the hearing to June 29 due to "the spread of Covid-19, the need for social distancing, and the state of emergency having been declared by Governor Newsom, and pursuant to the administrative order dated March 17, 2020 issued by the presiding judge . . . ." In May, again without the presence of Romero or his counsel, the court continued the hearing to July 28 for the same reasons. It ordered Romero to appear and directed the clerk to give notice.

Romero was not present at the July 28 hearing. His counsel told the court that he had been in contact with Romero, but not recently. Defense counsel asked the court to hold a bench

---

[1] Appellants' notice of appeal also purports to appeal from the order denying their motion to set aside the judgment. However, appellants' briefing does not include any argument specifically addressing that order. We therefore consider this aspect of their appeal abandoned.

2

warrant until September 1 so counsel could attempt to contact Romero "by other means." The court issued a bench warrant, held the warrant to September 1, and ordered defense counsel to notify Romero of the September 1 court date.

Romero also did not appear on September 1. Defense counsel indicated that he left Romero a voicemail informing him of the hearing, but still had not had any direct contact with him. Counsel believed Romero's "phone number is different or the bill hasn't been paid." Defense counsel also reported that Romero had been homeless and in a bad "financial situation" in March. The court found that Romero had failed to appear without a sufficient excuse and ordered bail forfeited.

After learning about the forfeiture, Bail Agent attempted to locate Romero. Romero's phone number was out of service in October of 2020. When Bail Agent's investigator went to Romero's "main address" in December of 2020, Romero's niece indicated that he had moved out "last year." At Bail Agent's request, the court extended and/or suspended the time to reinstate and exonerate the forfeited bond for nearly 15 months beyond the standard 180 days, but Bail Agent was unable to locate Romero. (Pen. Code, § 1305 subd. (b)(1).)[2] On June 6, 2022, the court entered summary judgment on the bail bond.

On June 20, 2022, Bail Agent and Surety moved to set aside the summary judgment, vacate the bail forfeiture, and exonerate the bond. The motion argued that the court had been required to order a forfeiture on July 28, 2020, because Romero

---

[2]    All further undesignated statutory references are to the Penal Code.

3

failed to appear without any excuse.[3] (§ 1305, subd. (a)(1)(D) ["A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" at a hearing at which "the defendant's presence in court is lawfully required"].) The motion contended that the trial court lacked jurisdiction to enter summary judgment on the bond thereafter, and that the judgment was therefore void.

In response, the People argued that the record supported an implied finding that there may be a sufficient excuse for Romero's absence at the July 2020 hearing. Specifically, the People contended that Romero may have been confused about or unaware of the hearing because the matter was continued outside of Romero's presence and because his counsel had been unable to contact him recently. (§ 1305.1 [if "the court has reason to believe that sufficient excuse may exist for the [defendant's] failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant"].)

Appellants' reply argued that lack of actual notice was not a sufficient excuse for Romero's failure to appear. It contended that notice could be imputed from defense counsel's knowledge of the hearing and the presumption that the clerk properly served Romero with notice thereof. The reply further argued that a five-week continuance was not "reasonable" under section 1305.1.

---

[3] The motion further argued that the court's September 1 order was improper because the court did not order bail forfeited until after counsel had left the courtroom, and therefore it did not occur "in 'open court.'" Appellants abandoned this argument on appeal.

4

The trial court denied the motion. Appellants timely appealed from the summary judgment and the order denying their motion to set aside the judgment.[4]

## DISCUSSION

## I.   Applicable Law and Standard of Review

"A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear" at any "occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (§ 1305, subd. (a)(1)(D).) If the court "fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710 (*Safety National*).) When a court lacks jurisdiction over a bond, "any summary judgment purportedly entered on that bond is void." (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 595.)

---

[4]   We reject respondent's contention that the appeal is untimely as to the summary judgment. Respondent correctly points out that the notice of entry of judgment was served on appellants on June 6, 2022, and that the notice of appeal was filed on September 14, outside the 60 days typically permitted under California Rules of Court, rule 8.104. However, appellants filed a valid motion to set aside the judgment as void, thereby extending the time to appeal from the judgment. (Cal. Rules of Court, rule 8.108(c); Code Civ. Proc., § 473, subd. (d); cf. *First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 45, fn.2.) The order denying appellants' motion was entered on August 19, and appellants' notice of appeal was timely filed within 30 days, on September 14. (Cal. Rules of Court, rule 8.108(c).)

However, if "the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear . . . ." (§ 1305.1.)  Whether a sufficient excuse might exist "will depend upon the circumstances in the individual case." (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 (*United Bonding*).)  "The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript." (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 478 (*Bankers Ins. Co.*).)  "[T]he test is not whether it has been conclusively demonstrated a defendant had an actual and valid excuse for his nonappearance to justify continuing a hearing without declaring a bail forfeiture." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 953.)  Rather, in most situations involving a sufficient excuse inquiry under section 1305.1, "the only reasons before the trial court are the evidence or representations furnished by defendant's counsel.  The cases demonstrate that the courts have cooperated with defense counsels' requests and have liberally relied on their representations." (*People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 306 [discussing cases].)

We "review a trial court's finding of sufficient excuse for abuse of discretion." (*Bankers Ins. Co.*, *supra*, 69 Cal.App.5th at p. 479.)  We review related questions of law de novo when the facts are undisputed. (*People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 792 (*North River*).)

## II.  The Trial Court Did Not Abuse its Discretion or Exceed its Jurisdiction

Appellants contend the trial court lacked jurisdiction to enter summary judgment on the forfeited bail bond because it did

not order a forfeiture when Romero failed to appear in court in July of 2020. Appellants frame this issue in jurisdictional terms and urge us to review the court's ruling de novo. However, appellants' challenge necessarily implicates an abuse of discretion analysis—if the trial court did not abuse its discretion by continuing the matter in July, it retained jurisdiction to order the bond forfeited and enter summary judgment, as it ultimately did.

Although the trial court did not articulate any reason for continuing the case after Romero did not appear at the July hearing, the record supports an implied finding that a sufficient excuse may have existed for his absence. Specifically, defense counsel reported that he had been unable to contact Romero recently and asked the court to continue the hearing so he could attempt to contact Romero again. In addition, the record reflects that Romero was not present when the court scheduled the July hearing. These circumstances suggest that the court implicitly found that Romero's absence may have been excused because he was not aware of the hearing. (*People v. Wilshire Ins. Co.* (1975) 53 Cal.App.3d 256, 261 ["defense counsel's statement to the court was sufficient to support the implied finding that [a sufficient excuse] existed"].)

Continuing the matter based on this implied finding was well within the court's discretion. Indeed, courts have regularly accepted "the possibility that there was a misunderstanding or miscommunication between defendant and counsel about the need to appear at the hearing" as adequate to support a sufficient excuse finding, even when based on counsel's speculation. (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 525 [counsel's speculation as to a miscommunication was

7

sufficient to retain jurisdiction]; see also *People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 135 [counsel's belief that the defendant was confused because the court had set two court dates was sufficient to retain jurisdiction]; *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1292 [counsel's belief that the defendant was absent due to a misunderstanding was sufficient to retain jurisdiction].) Because "the court was confronted with reassurances by defendant's counsel which apparently suggested to the court that the failure to appear was excusable . . . certainly, it cannot be said that the acceptance of the excuse constituted an abuse of discretion." (*United Bonding*, *supra*, 5 Cal.3d at p. 906.)[5] In turn, the court retained jurisdiction to order a forfeiture and enter summary judgment on the bond after the July hearing.

Appellants contend that, as a matter of law, lack of notice cannot support a finding that a sufficient excuse may have existed. We review this pure question of law de novo, and we conclude that appellants' claims lack merit. (*North River*, *supra*, 37 Cal.App.5th at p. 792.)

First, appellants argue that notice should be presumed. While the record does not reflect whether Romero was actually notified of the July hearing, the trial court ordered the clerk to provide notice, and appellants therefore argue that we must presume the clerk did so. (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."].) But even

---

[5] Because we conclude the court did not abuse its discretion by continuing the case based on Romero's potential lack of notice, we do not reach appellants' argument that the Covid-19 pandemic could not support an implied finding of sufficient excuse.

8

assuming the clerk mailed a notice of the hearing to Romero, this does not establish that he received it.

Second, appellants contend we must infer that Romero had notice because his counsel appeared at the hearing, citing *North River*, *supra*, 37 Cal.App.5th at p. 798. *North River*, however, is distinguishable. In that case, "defense counsel stated her appearance and noted that [the defendant] was not present. She then said, 'I'd ask that his appearance be excused today.' No reason for the request was given and the trial court did not respond on the record to the request." (*Id*. at pp. 797–798.) In short, the record was entirely silent as to the reason for the defendant's absence, and in light of that silence, the appellate court reasoned that "notice to him can be inferred from the actual notice to defense counsel . . . ." (*Id*. at p. 798.) In contrast, here, defense counsel explained that he had been unable to contact Romero recently, which contradicts any inference that he informed Romero of the hearing.

Relatedly, we also reject appellants' argument that defense counsel's knowledge of the hearing creates a presumption of notice to Romero. Such a presumption "is deemed conclusive for the purposes of civil actions," but it must not "be given that effect for the purpose of a proceeding of a criminal nature . . . ." (*Freeman v. Superior Court* (1955) 44 Cal.2d 533, 538.) Appellants correctly observe that the bail bond forfeiture proceeding was civil in nature, but that proceeding did not begin until the court ordered the bond forfeited in September. The July pretrial hearing was a criminal proceeding.

Third, appellants argue that Romero had constructive notice of the July hearing because he knew about the May court date and should have "inquired with the court at that time."

9

(Civ. Code, § 19 ["Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he or she might have learned that fact."].)  Yet, appellants fail to cite any authority or reasoned argument supporting that this Civil Code section would apply in a criminal proceeding, let alone under the specific circumstances of this case.[6]

Finally, appellants argue that the trial court exceeded its jurisdiction by continuing the case for five weeks because this length of time was not "reasonable to enable the defendant to appear . . . ."  (§ 1305.1.)  Appellants fail to explain, however, why the length of the continuance is a jurisdictional problem.  We instead construe this argument as contending the court abused its discretion in finding five weeks was reasonable, and we reject it.  (*Bankers Ins. Co.*, *supra*, 69 Cal.App.5th at p. 479 [appellate court reviews section 1305.1 findings for abuse of discretion].)  While a different court may have ordered a shorter continuance, we cannot say it was an abuse of discretion for the court, in the midst of a global pandemic, to find that five weeks was reasonable to allow defense counsel to locate a defendant with whom he had had no recent contact.  The sole case on which appellants rely, *People v. American Surety Co.* (2021) 65 Cal.App.5th 191, is inapposite.  There, the appellate court

---

[6]  In support of this point, appellants also note that a defendant may be required to appear at a hearing even if he or she did not receive actual notice thereof, citing *Safety National*, *supra*, 62 Cal.4th at page 710.  However, the People do not dispute that Romero was required to appear at the July hearing, and *Safety National* did not address whether a defendant's lack of notice could support a sufficient excuse finding.  (*Ibid.*)

10

observed that the trial court had allowed a one-week continuance, but the length of that continuance was not at issue on appeal. (*Id*. at p. 195; *Areso v. CarMax, Inc.* (2011) 195 Cal.App.4th 996, 1006 ["observations by an appellate court are dicta and not precedent"].)  Moreover, a finding that one week is reasonable in one context does not mean five weeks constitutes an abuse of discretion in another.  (*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 923 [under section 1305.1, "a case-by-case analysis is always performed"].)

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.*


We concur:



EDMON, P. J.



EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.